In re FILM VENTURES
INTERNATIONAL,
INC., Debtor.

FILM VENTURES INTERNATIONAL,
INC., Appellant,

v.

Raymond L. ASHER, A Professional
Corporation, Appellee.

BAP No. CC–86–1572–MeMoJ.

Bankruptcy No. LA 84–23195 BR.

United States Bankruptcy Appellate Panels
of the Ninth Circuit.

Argued and Submitted Jan. 21, 1987.

Decided May 29, 1987.

Ira D. Kharasch, Pachulski, Stang & Ziehl, Los Angeles, Cal., for appellant.

Raymond L. Asher, Los Angeles, Cal., for appellee.

Before MEYERS, MOOREMAN and JONES, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

This case presents the issue of whether the Bankruptcy Court abused its discretion in awarding Appellee Raymond Asher post-petition attorney's fees of $32,256.27. The Debtor, Film Ventures International, Inc., argues that the Court should have reduced or denied the legal fees, claiming that Asher held an interest adverse to the estate at the time of the bankruptcy filing and failed to disclose this interest to the Court in his employment application. We find no abuse of discretion and therefore AFFIRM the order of the Bankruptcy Court.

### II

### FACTS

The Debtor filed its Chapter 11 bankruptcy petition on November 30, 1984. Four days prior to filing its petition, the Debtor had conveyed to Asher a security interest in "The Act," one of the Debtor's motion pictures, to secure prior and future legal fees. Asher had previously represented the Debtor with respect to litigation surrounding "The Act."

On December 12, 1984, Asher submitted his employment application to represent the Debtor for a special purpose. The Debtor owed him legal fees of $18,605.90. Although in his declaration Asher stated that the Debtor still owed him pre-petition legal fees, he failed to mention his lien on the film. However, on December 18, 1984, he filed a secured proof of claim with the Court which did set forth his security interest.

In late 1985, the Debtor terminated Asher's employment. Asher subsequently ap-

plied for an award of legal fees and costs based on his post-petition services. The Bankruptcy Court granted Asher's request for post-petition attorney's fees and costs in the amount of $32,256.27. The Debtor objected to the fees but did not challenge the reasonable value of Asher's services.

The Debtor then moved for reconsideration on the ground that Asher's failure to disclose his security interest in his employment declaration required the Court to reduce or deny altogether the amount of the requested fees. The Debtor's general counsel claimed that he knew nothing of Asher's security interest in "The Act" until sometime after Asher had been dismissed. The Court denied the motion for reconsideration and the Debtor now appeals from that order.

## III

### DISCUSSION

The standards for an attorney to represent a debtor for a special purpose are set out in Section 327(e) of the Code, which states:

> The trustee, with the court's approval, may employ for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). This section permits post-petition representation by the debtor's pre-petition attorney for a special purpose where he holds no adverse interest to the debtor within the scope of the representation. *See In re Fondiller*, 15 B.R. 890, 892 (9th Cir. BAP 1981), *appeal dismissed*, 707 F.2d 441 (9th Cir.1983). Section 327(e) contains less restrictive requirements than Section 327(a) which governs the employment of general counsel as there is no requirement of disinterestedness. *In re Roberts*, 46 B.R. 815, 824 (Utah 1985). *See In re Crest Mirror & Door Co.*, 57 B.R. 830, 831 (9th Cir. BAP 1986).

The Bankruptcy Court found as a matter of law no absolute conflict of interest from Asher's representation of the Debtor in matters regarding "The Act." We find no error in this conclusion. By holding a security interest in "The Act," Asher did not have an interest adverse to the estate. Rather, he shared the Debtor's goal of protecting the estate's interest in the film. Asher's interest therefore paralleled that of the estate. *See In re Sally Shops, Inc.*, 50 B.R. 264, 266–67 (E.Pa. 1985); *In re Carla Leather, Inc.*, 44 B.R. 457, 474 (S.N.Y.1984). In addition, Asher was most familiar with the litigation and his employment avoided unneeded duplication of costs and legal fees which would otherwise have been incurred if new counsel had been hired. *In re Iorizzo*, 35 B.R. 465, 469 (E.N.Y.1983). At any time general counsel for the Debtor could have brought an avoidance lien action attacking the transfer if it had been improper. *See In re Curry & Sorensen*, 57 B.R. 824, 827–28 (9th Cir. BAP 1986).

Although Asher's security interest in "The Act" did not create an absolute conflict, he still had an affirmative duty to disclose all of his connections with the Debtor. *In re Coastal Equities*, 39 B.R. 304, 308 (S.Cal.1984). Section 329(a) requires any attorney representing a debtor to file with the court a statement of compensation paid or agreed to be paid for services rendered or to be rendered in connection with the case. *In re Telford*, 36 B.R. 92, 93 (9th Cir. BAP 1984). The failure of an attorney to disclose completely his connections with the Debtor is ground for denial of compensation wholly apart from the act of representing conflicting interests. *In re Thompson*, 54 B.R. 311, 316 (N.Ohio 1985).

In the present case, Asher's employment application and accompanying declaration failed to reveal any aspect of his fee arrangement, including his security interest in the movie. This violated Section 329(a). The fact that he later disclosed the security interest in a proof of claim does not rectify his omission since proofs of claims are not normally presented to the

court as part of an attorney's application for employment. *See* Bankruptcy Rule 2014.

The Debtor argues that Asher's inadequate disclosure requires a denial or reduction of fees. Therefore, it claims error in the Bankruptcy Court's award of $32,256.27 to Asher. However, it has long been held that the trial court is in the best position to resolve disputes over legal fees. *See Dickenson Industrial Site v. Cowan,* 309 U.S. 382, 389, 60 S.Ct. 595, 599, 84 L.Ed. 819 (1940); *Official Creditors' Committee of Fox Markets v. Ely,* 337 F.2d 461, 466 (9th Cir.1964). Thus, the standard of review is whether the court abused its discretion. *In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 (9th Cir.1985); *In re Wavelength, Inc.,* 61 B.R. 614, 621 (9th Cir. BAP 1986).

In the present case, we find no abuse of discretion in the award of attorney's fees. First, there is no claim that Asher's omission resulted from an intent to mislead the Court. *See Red Carpet Corp. v. Miller,* 708 F.2d 1576, 1577 (11th Cir. 1983). There is likewise no allegation that Asher provided services of poor quality. *See In re First Colonial Corp. of America,* 544 F.2d 1291, 1300 (5th Cir.1977). Although by not revealing his security interest to the Court, Asher ran the risk of not being compensated for his services, the Bankruptcy Court was not *required* to deny legal fees for the work actually performed. *See In re Pierce,* 809 F.2d 1356, 1363 n. 19 (8th Cir.1987) (may deny); *In re Coastal Equities, supra,* 39 B.R. at 310; 11 U.S.C. §§ 328(a), 329(b), 330.

At the time of the hearing on the Debtor's motion for reconsideration, the Bankruptcy Court was fully apprised of the facts. The Court was informed of Asher's security interest and his failure to list the fee arrangement on his employment application. Nevertheless, the Bankruptcy Court granted Asher's request for legal fees. Complete disclosure is for the court's benefit so that it can conveniently and carefully scrutinize any adverse interests of the attorney. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 329 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 39 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. If the very court for which the statute was intended to aid finds no need to take remedial measures, we see no reason to second guess that court's broad discretion in this area. Therefore, we hold that the trial court did not abuse its discretion in awarding the fees in question.

Finally, we address Asher's request for sanctions against the Debtor and its attorney for bringing this appeal. Bankruptcy Rule 9011 authorizes the award of sanctions against a party or any attorney for an appeal brought without justification and for an improper purpose. *See also* Fed.R.Civ.Pro. Rule 11. The decision to impose or not to impose sanctions is discretionary. *See In re Chisum,* 68 B.R. 471, 473 (9th Cir. BAP 1986). We find that in this case the appeal is not frivolous. Therefore, sanctions are not warranted and Asher's request is denied.

AFFIRMED.