**In re MICROWAVE PRODUCTS OF AMERICA, INC., Debtor.**

**Bankruptcy No. 88–27990–D.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Jan. 12, 1989.

See also, Bkrtcy., 94 B.R. 967.

Harris P. Quinn, Memphis, Tenn., for debtor.

Jack F. Marlow, Memphis, Tenn., for American Universal Ins. Co.

Jennie D. Latta, Memphis, Tenn., for MagneTek, Inc.

David Cocke, Memphis, Tenn., for Litton Industries, Inc.

Michael P. Coury, Memphis, Tenn., for the Unsecured Creditors Committee.

Stephen Douglass, Memphis, Tenn., for First Interstate Bank of California.

Julie Chinn, Asst. U.S. Trustee, Memphis, Tenn.

Gary Vanasek, U.S. Atty., Memphis, Tenn.

Irving Bogatin, Memphis, Tenn., for Keystone Transformer Co.

Hank Shelton, Memphis, Tenn., for Western Industries, Inc.

## MEMORANDUM OF OPINION AND ORDER ON CREDITOR'S OBJECTION TO GRANTING THE APPLICATION TO APPROVE EMPLOYMENT OF PUBLIC RELATIONS AGENCY

BERNICE BOUIE DONALD, Bankruptcy Judge.

■ The Court has before it for consideration, a core proceeding[1] styled "Creditor's Objection to Granting the Application to Approve Employment of Public Relations Agency". The debtor filed an application to hire a public relations firm pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rule 2014. A public relations firm is deemed to be a professional person within the ambit of 11 U.S.C. § 327(a). The following constitutes findings of fact and conclusions of law, pursuant to Bankruptcy Rule 7052.

### Background Facts

The Debtor, Microwave Products of America, Inc. filed a petition under Chapter 11 of the United States Bankruptcy Code. The debtor, a National Corporation with offices in Sioux Falls, South Dakota, and principal offices in Memphis, Tennessee, has some 900 employees. The debtor seeks to hire a public relations firm within the context of Bankruptcy law. The Debtor cites as justification for the request, the need to disseminate information rapidly, to keep diverse entities and individuals adequately informed, and to speak through one voice. The debtor further avers that there is no individual within the Debtor's business, who could adequately, efficiently,

---

1. See 28 U.S.C. § 157(b)(2)(A).

and competently perform these tasks without severe and drastic negative effects on the company's operations. The debtor further avers that the public relations firm sought to be hired has particular expertise in these matters, and is familiar with the debtors "technical" product line by virtue of having represented the debtor prior to the filing of the petition. In fact, the debtor and the professional person have an ongoing business relationship.

The public relations firm's affidavit cites no interest materially adverse to the debtor or the debtor's estate. However, the public relations firm is, in fact, a prepetition unsecured creditor with a claim against the estate in the approximate amount of twenty-one thousand, two hundred, eighty-eight dollars ($21,288.00).

One of the secured creditors, American Universal Insurance Company (AUIC), objects on the grounds that the work of the professional is unnecessary and could be performed by someone in the existing corporate structure. The professional is further challenged on the ground that he is ineligible by virtue of the fact that he is not a disinterested person under 11 U.S.C. § 101(13), and 11 U.S.C. § 327(a).

### Questions Presented

This core proceeding raises two questions: (1) whether the debtor-in-possession may employ a public relations firm to aid in the reorganization; and/or (2) whether the particular public relations firm, sought to be employed, qualifies under section 327 and section 101(13) as an eligible professional person?

### Discussion

A trustee may employ attorneys and other professional persons to represent or perform services for the estate.[2] A debtor-in-possession, has virtually all the powers and duties of a trustee.[3] If a trustee is autho-

rized to run a business and if the debtor has employed certain professionals, the trustee may retain or replace those professionals.[4] A Chapter 11 debtor in possession may employ a person who previously represented the debtor prior to the commencement of the case.[5]

Under Bankruptcy Rules, an attorney, accountant or other professional, may not be hired except with Court approval.

Bankruptcy Rule 2014 holds in relevant part:

(a) Application for and Order of Employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

As a general rule, a trustee may select his own attorney, or other professional person without interference from creditors. 2 *Collier on Bankruptcy* § 327.03–2 (15th 1988).

11 U.S.C. § 327(c) expressly states that an attorney is not disqualified for employment solely because of having previously represented a creditor. Trustees should have wide latitude in determining who shall

---

**2.** 11 U.S.C. § 327(a).

**3.** 11 U.S.C. § 1107 states (a) Subject to any limitations on a trustee serving in a case under this Chapter, and to such limitations or conditions as the Court prescribes, a debtor-in-possession shall have all the rights, ... and powers, and shall perform all the functions and duties, ... of

a trustee serving in a case under this chapter. 11 U.S.C. § 1107.

**4.** 11 U.S.C. § 327(b).

**5.** 11 U.S.C. § 1107(b).

be employed to perform legal services for the estate, but trustees selection of counsel must be consistent with the high standards required of officers of Federal Courts. *In re Matter of Codesco, Inc.,* 18 B.R. 997 (B.Ct.S.D.N.Y.1982).

Further, 11 U.S.C. § 1107(b) provides:

(b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

In the instant case, the debtor has set forth clear and compelling reasons for hiring a public relations firm, and the Court should not allow any entity to undermine or circumvent the judgment of the debtor in possession, absent a strong showing that the debtor is incapable of making sound decisions for the business, or that employment of the professional is not in the manifest best interest of the estate. The Court must always be guided by what is in the best interest of the estate.

The more serious question for the Court is whether the Public Relations Firm is "disinterested", and, therefore eligible to be employed under section 327(a) of the Bankruptcy Code. Section 1107(a) of the Bankruptcy Code makes the debtor-in-possession, subject to the general rules of the Code as to hiring attorneys for the bankruptcy estate. Further, under section 327(a), the trustee may employ only those professional persons that do not have an interest adverse to the estate, and who are disinterested.

While 11 U.S.C. § 101(13)[6] defines "disinterested", Courts have construed the term both narrowly and liberally. The case of *In re Tauber on Broadway, Inc.,* 271 F.2d 766 (7th Cir.1959), held that attorneys who had represented the debtor corporation's officers had an interest adverse to

estate and were ineligible to represent the debtor. However, the Court in *In re Pacific Express, Inc.,* 56 B.R. 859, 14 C.B.C. 2D 157 (Bankr.E.D.Cal.1985) found that even where attorney partners were involved in a joint venture with debtor and had served on debtors board, it did not constitute an interest "adverse" to debtor's estate.

Following the majority, the Court in *In re Patterson,* 53 B.R. 366 (Bankr.D.Neb. 1985), denied compensation where the law firm was a pre-petition creditor of the debtor, and was co-owner of land with debtor. The Court relying on 11 U.S.C. §§ 327(a) and 101(13), held that a law firm that was a prepetition creditor was not "disinterested" and, therefore, not eligible to represent the debtor, notwithstanding 11 U.S.C. § 327(e) and (c), which provide that a professional person's concurrent employment by or representation of a creditor does not constitute a per se reason for disqualification absent an actual conflict of interest.

In *In re Pierce,* 809 F.2d 1356 (8th Cir. 1987) the appellate Court affirmed a lower Court decision that an attorney who held a pre-petition mortgage on debtor's property was not "disinterested" under section 101(13) and, consequently, not eligible for employment under section 327(a). The Court concluded that this represented not only lack of disinterestedness, but an interest materially adverse to the estate. Other Courts have held that the language of section 101(13) of the code must be liberally construed, and that a literal application would be inappropriate.[7]

It should be left to the discretion of the Court as to whether the relationships are of such a degree that a Court should conclude that the applicant is not disinterested.[8] Courts have held that 11 U.S.C. § 101(13) should serve as a guideline for the exercising of the Courts judgment, and should not be used as an inflexible rule.

---

**6.** 11 U.S.C. § 101(13) "disinterested person" means person that—

    (A) is not a creditor, an equity security holder, or an insider;

    (E) does not have an interest materially adverse to the interest of the estate or of any

class of creditors or equity security holders. . . .

**7.** *In re Pacific Express, Inc.,* 56 B.R. 859, 14 C.B.C.2d 157 (B.Ct.E.D.Cal.1985).

**8.** Id.

The Court in *In re Pacific Express,* supra, concluded that eliminating the exercise of discretion by the Court and requiring the prophylactic application of the definition in sections 101, 327(a), 328(c) & 1103(b), might be inimical, to economic and efficient administration of debtor's estate. Under a strict interpretation of section 101, debtor and others would be deprived of the choice of professional persons irrespective of minimal pre-title 11 relationships, and in certain cases, strict construction could lead to expensive draconian results.

If, after disclosure of attorney's connection with the debtor, the Court determines that the attorney does not hold any interest adverse to the estate and that his employment is in the best interest of the estate, the Court may authorize employment. However, if debtor holds undisclosed adverse interest, the Court is empowered to deny all compensation and reimbursement of expenses.[9]

This Court finds that the better reasoning is found in *In re Viking Ranches, Inc.,* 89 B.R. 113 (Bankr.C.D.Cal.1988) which applies the exception of 11 U.S.C. § 1107(b) to the question of disinterestedness.

The *Viking* Court acknowledges that the statute is clear; if a person is a creditor, then that person is not disinterested under 11 U.S.C. § 101(13) and is subject to disqualification under section 327(a). However, *Viking* holds that the Court must go a step further and examine to what extent section 1107(b) provides an exception to 11 U.S.C. § 327(a). An emerging line of case law supports the position that by virtue of section 1107(b), a person would not be disqualified "solely because of such person's employment.... before the commencement of the case."[10]

The Court in *In re Best Western Heritage Inn, Partnership,* supra, addressed the extent of the exception of section 1107(b). Judge Ralph Kelly set forth an analysis of the exception intended by section 1107(b) to the strict terms of section 327(a) in debtor-in-possession cases. Judge Kelly relied on the distinction between debtor-in-possession versus trustee controlled cases, and concluded that section 1107(b) was intended to distinguish the rights of debtors-in-possession in such matters.

■ The *Viking* Court, relying on *Best Western,* affirmed that if a materially adverse position exists, then section 1107(b) does not apply. In the instant case, while the public relations firm is a prepetition creditor, its unsecured claim is properly listed on the schedules, and is not shown as disputed. Further it is de minimus compared to other claims in the case. This Court concludes that the claim of the professional is not materially adverse within the context of the statute and cases which have construed the issue.

While materially adverse is not statutorily defined, the Court in *In re Roberts,* 46 B.R. 815 (Bankr.D.Utah 1985) held that an interest "adverse to the estate" means (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

This Court adopts the reasoning in *Viking* that a professional is not disqualified solely because of employment before the commencement of case. Further, that this provision applies to any professional who is a creditor solely because of that prepetition employment, which resulted in an unsecured debt under section 1107(b).

### Conclusion

For the reasons set forth above, the Court finds that the public relations firm falls within the exception created by 11 U.S.C. § 1107(b) & 11 U.S.C. § 327(a) which provides that a professional who is a pre-

**9.** *In re Coastal Equities, Inc.,* 39 B.R. 304 (Bankr. S.D.Cal.1984).

**10.** *In re Viking Ranches, Inc.,* 89 B.R. 113 (Bankr.C.D.Cal.1988), *In re Best Western Heritage Inn, Partnership,* 79 B.R. 736 (Bankr.E.D. Tenn.1987), *In re Heatron,* 5 B.R. 703 (Bankr.W. D.Mo.1980).

petition creditor is not disqualified solely because of previous employment. The Court notes that the public relations firm was employed by the debtor prior to the filing of the petition, and is familiar with the products and operations of the debtors business, but does not have an interest "materially adverse" to the estate.

The Court orders the public relations firm to submit a supplemental affidavit fully disclosing any and all interests in the estate, any claims against the estate, and whether such claims are disputed. The application must set out with specificity the hourly rate, what services will be provided, and an estimate of the hours per month the professional believes necessary to discharge his duties. For any hours that exceed the monthly estimate, the professional will have to come back to Court and get the Court's approval.

Further, to avoid potential conflict of interest, the public relations firm may not employ the law firm of the debtor-in-possession in any matters relating to this Chapter 11 case.

The public relations firm must comply with this order within twenty days from the date of entry.

IT IS SO ORDERED.