**In re JAIMALITO'S CANTINA ASSOCI-
ATES LIMITED PARTNERSHIP t/a
Jaimalito's, Debtor.**

**Bankruptcy No. 89–00946.**

United States Bankruptcy Court,
District of Columbia.

Feb. 26, 1990.

Richard Gins, Washington, D.C., for
debtor.

**DECISION DENYING APPLICATION TO
RETAIN REBECCA J. HABBERT,
ATTORNEY AT LAW**

S. MARTIN TEEL, Jr., Bankruptcy
Judge.

■ The debtor, Jaimalito's Cantina
Associates Limited Partnership, applies to
employ and appoint Rebecca J. Habbert for
purpose of general representation of the
debtor. Ms. Habbert is a pre-petition credi-
tor of the debtor, holding a claim of un-
specified amount for representing the debt-
or on matters unrelated to assisting in fil-
ing the bankruptcy petition. She was rep-
resenting the debtor on certain ongoing
matters when the petition was filed, but
the debtor does not seek appointment un-
der 11 U.S.C. § 327(e) limited to those mat-
ters. The application for employment for
general representation of the debtor must
be denied because, as a creditor, Ms. Hab-
bert is not a "disinterested person" as de-
fined in 11 U.S.C. § 101(13) and as required
by 11 U.S.C. § 327(a)[1] in order to be eligi-
ble for employment. *See In re Pierce,* 809
F.2d 1356, 1362–63 (8th Cir.1987); *In re
Gire,* 107 B.R. 739, 745–46, 748 (Bankr.E.D.
Cal.1989); *In re Estes,* 57 B.R. 158, 162–63
(Bankr.N.D.Ala.1986). This result is not
altered by 11 U.S.C. § 1107(b).[2] *In re Rob-
erts,* 75 B.R. 402, 407–09 (D.Utah 1987) (en
banc); *In re Watervliet Paper Co., Inc.,* 96
B.R. 768, 771–74 (Bankr.W.D.Mich.1989);
*Matter of Patterson,* 53 B.R. 366 (Bankr.D.
Neb.1985); *In re Anver Corp.,* 44 B.R. 615
(Bankr.D.Mass.1984). *Contra, In re Hea-
tron,* 5 B.R. 703, 705 (Bankr.W.D.Mo.1980);
*accord, In re Viking Ranches, Inc.,* 89
B.R. 113, 115–16 (Bankr.C.D.Cal.1988); *In
re Best Western Heritage Inn Partner-
ship,* 79 B.R. 736, 740 (Bankr.E.D.Tenn.
1987). Congress could have specified that
a claim as a creditor for prior legal repre-

---

1. § 327(a) provides:
   Except as otherwise provided in this section,
   the trustee, with the court's approval, may
   employ one or more attorneys, accountants,
   appraisers, auctioneers, or other professional
   persons, that do not hold or represent an
   interest adverse to the estate, and that are
   disinterested persons, to represent or assist
   the trustee in carrying out the trustee's duties
   under this title.

2. § 1107 provides:
   Notwithstanding section 327(a) of this title, a
   person is not disqualified for employment un-
   der Section 327 of this title by a debtor in
   possession solely because of such person's em-
   ployment by or representation of the debtor
   before the commencement of the case.

sentation of the debtor does not disqualify an attorney from representing the debtor-in-possession. It did not. Prior employment or representation as counsel raises disqualification issues distinct from the issue of holding a claim. *See, e.g.,* 11 U.S.C. § 101(13)(D) dealing with lack of disinterestedness based on prior employment notwithstanding absence of any claim. If § 1107(b) eliminates creditor status as a basis of disqualification under § 327(a) for lack of disinterestedness, it logically follows that § 1107(b) also eliminates creditor status as a basis of disqualification under § 327(a) for holding an adverse interest. *Heatron* and its progeny recognize that § 1107(b) ought not prevent disqualification when the claim results in an adverse interest, but does otherwise prevent disqualification. With all due respect, the logical reading of the statute does not permit that inconsistency. Plainly both requirements of disinterestedness and lack of adverse interest still apply when the attorney occupies the status of a creditor, a status that is unaltered by the relative size of the claim.

An Order in accordance with this decision shall be entered.