In re CIC INVESTMENT
CORPORATION,
Debtor.

FIRST INTERSTATE BANK OF
NEVADA, N.A., Appellant,

v.

CIC INVESTMENT CORPORATION,
Appellee.

BAP No. NV–94–1761–MeAsH.
Bankruptcy No. 94–30584–JHT.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Nov. 18, 1994.

Decided Dec. 6, 1994.

Bridget Robb Peck, Reno, NV, for appellant.

William D. Cope and Alan R. Smith, Reno, NV, for appellee.

Before MEYERS, ASHLAND and HAGAN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

The bankruptcy court allowed a law firm with a prepetition secured claim against the debtor's property to represent that debtor as general counsel in the bankruptcy case. We hold that a professional with a claim secured by the debtor's property should be viewed as not disinterested as a matter of law.

We **REVERSE**.

### II

### FACTS

CIC Investment Corporation ("Debtor") filed for relief under Chapter 11 of the Bankruptcy Code ("Code") on April 11, 1991, with Alan Smith of Smith & Cope representing the Debtor. The Debtor's plan of reorganization was confirmed on February 5, 1992. The plan provided that Smith's administrative claim of $37,568.90 was to be paid in cash in the amount of the allowed claim "as soon as practicable on or after the Effective Date." The claim was to bear 12 percent interest per year and was evidenced by a promissory note from Robert and Karen Murphy, secured by a third in priority trust deed on the Debtor's real property on Brinkby Avenue in Reno, Nevada.

On April 19, 1994, the Debtor filed another Chapter 11 proceeding, along with a "List of Secured Creditors" which included Alan Smith of Smith & Cope, with a secured claim of $37,568.90.

On May 9, 1994, the Debtor filed an Application to Employ Attorneys. The Application states: "The law offices of Smith & Cope does not hold or represent an interest adverse to the estate and the members thereof are disinterested persons within the meaning of 11 U.S.C. § 327(a)." The attached Verified Statement of Attorneys, signed by Alan Smith, provides, "to the best of Affiant's knowledge and belief, he does not hold or represent an interest adverse to the Debtor's estate and he is a disinterested person within the meaning of 11 U.S.C. § 327(a)."

First Interstate Bank of Nevada ("Bank") brought a motion to disallow the continued employment of Alan Smith as counsel for the Debtor. On June 9, 1994, Smith filed an Amended Application to Employ Attorneys which revealed Smith & Cope's status as a creditor. The bankruptcy court denied the Bank's motion by order entered on June 17, 1994.

On June 27, 1994, the Bank filed a Notice of Appeal and Motion for Leave to Appeal An Interlocutory Order. The Bank was granted leave to appeal.

### III

### STANDARD OF REVIEW

Generally, we review a bankruptcy court's decision to approve an application for employment for abuse of discretion. *See In re Crest Mirror & Door Co., Inc.,* 57 B.R. 830, 831 (9th Cir. BAP 1986). Yet to the extent the interpretation of the Code is involved, this is a legal issue reviewed *de novo. Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581, 585 (9th Cir.1993).

## IV

## DISCUSSION

### A. *Initial Failure to Disclose*

█ The Bank maintains that Smith & Cope's initial failure to disclose its secured claim in its application for employment as required by Fed.R.Bankr.P. 2014(a), until after the Bank brought this fact to the court's attention, should have precluded its employment.[1]

Before the June 14 hearing, Smith & Cope filed an amended application for employment which disclosed its claim against the Debtor. The court did not find the original inadequate disclosure so important as to deny employment to Smith & Cope. Apparently, the same creditors were involved in both bankruptcy cases, as the court stated at the June 14 hearing: "Everyone knew you were in the first case."

The bankruptcy court may excuse the original failure to disclose. Complete disclosure is for the court's benefit so that it can scrutinize any adverse interests of the attorney. *In re Occidental Fin. Group,* 40 F.3d 1059 (9th Cir.1994); *In re Film Ventures Intern., Inc.,* 75 B.R. 250, 253 (9th Cir. BAP 1987); *In re Coastal Equities, Inc.,* 39 B.R. 304, 306–07 n. 2 (S.Cal.1984). If the very court for which the statute was intended to aid finds no need to take remedial measures, there is no reason to second guess that court's broad discretion in this area. *In re Film Ventures Intern., supra,* 75 B.R. at 253.

### B. *Smith & Cope Is Not Disinterested As A Matter Of Law*

█ The Bank's next argument is that, as a matter of law, Smith & Cope is not disinterested because it holds a prepetition secured claim against the Debtor's property.

Code Section 327(a) provides that a professional may not be employed unless it is disinterested and does not hold or represent an interest adverse to the estate. *In re Crest Mirror & Door Co., supra,* 57 B.R. at 831. Specifically, Section 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.[2]

In *In re Film Ventures Intern., supra,* the Panel allowed a secured creditor, an attorney who had represented the debtor in prior litigation, to represent the debtor as special counsel. The Panel stated that by holding a security interest in the debtor's property, special counsel did not have an interest adverse to the estate. 75 B.R. at 252. Rather, counsel shared the debtor's goal of protecting the estate's interest in that property. *Id.* The Panel noted that general counsel for the debtor could bring an avoidance action at any time attacking the special counsel's lien if it were improper. *Id.*

This case is distinguishable because it concerns employment of general counsel, rather than special counsel. Here, there is no one with authority to avoid Smith & Cope's lien beside the Debtor's counsel, namely Smith & Cope. Moreover, *Film Ventures* decided only whether there was an adverse interest within the scope of the representation as special counsel, stating that Section 327(e) "permits post-petition representation by the debtor's pre-petition attorney for a special purpose where he holds no adverse interest to the debtor within the scope of the repre-

---

1. Fed.R.Bankr.P. 2014(a) provides: "The application [for employment] shall state ... to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

2. Section 327 is made equally applicable to a debtor in possession as it is to a trustee by 11 U.S.C. § 1107(a). *In re Shirley,* 134 B.R. 940, 943 (9th Cir. BAP 1992).

sentation." *Id.*[3] The court did not consider whether the law firm met the disinterestedness requirement for representation as general counsel, as we must do in this case.

The BAP earlier had recognized that representation of both a creditor and the estate raises the possibility of an adverse interest. The Panel in *In re Fondiller*, 15 B.R. 890, 892 (9th Cir. BAP 1981), *appeal dismissed for lack of standing*, 707 F.2d 441 (9th Cir. 1983), acknowledged that general counsel for the trustee, in order to accomplish a maximum distribution to creditors, usually must perform services that are adverse to certain individual creditors. For example, creditors' claims should be reviewed to determine which should be disputed, or pre-bankruptcy transactions between the debtor and individual creditors might be investigated to determine whether a preference has occurred. *Id.* The Panel concluded: "Any number of possible conflicts can be envisioned." *Id.*

The courts do not agree on whether counsel with a prepetition claim against the debtor is absolutely barred from representing the trustee or debtor in possession as general counsel. The recent case of *U.S. Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3rd Cir. 1994), examined the relevant Code provisions and found them unambiguous. Under Section 101(14), a "disinterested person" must be a person who "is not a creditor." The Code defines the term "creditor" as meaning any "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). The court found these sections of the Code to unambiguously preclude employment of a professional with a prepetition claim against the estate. *U.S. Trustee v. Price Waterhouse, supra*, 19 F.3d at 141. The court refused to consider the practical benefits of employing the professional, stating that bankruptcy courts cannot use equitable principles to disregard unambiguous statutory language. 19 F.3d at 142. *Accord, In re Pierce*, 809 F.2d 1356, 1362–63

(8th Cir.1987); *In re Siliconix, Inc.*, 135 B.R. 378, 380 (N.D.Cal.1991).

A minority of courts disagree, relying on 11 U.S.C. § 1107(b) in holding that a professional with a prepetition claim against the debtor may represent that debtor in the bankruptcy case. *See In re Microwave Products of America, Inc.*, 94 B.R. 971, 974–75 (W.Tenn.1989); *In re Viking Ranches, Inc.*, 89 B.R. 113, 115 (C.Cal.1988); *In re Best Western Heritage Inn Partnership*, 79 B.R. 736, 740 (E.Tenn.1987). Section 1107(b) states: "Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

■ Other courts have found that the argument that Section 1107(b) applies to exclude the requirements in Section 327(a) requires an interpretation so "tortured" as to be unacceptable. *In re Leisure Dynamics, Inc.*, 33 B.R. 121, 123 (D.Minn.1983). The court in *In re Eagle–Picher Industries, Inc.*, 999 F.2d 969, 971 (6th Cir.1993), noted that Section 1107(b) applies not to all interested persons, but only to those who fail to be disinterested solely because of prior employment. Section 1107(b) was deemed "a narrow exception, meant to apply only when the *sole* reason for disqualification is former employment." *Id.* at 972 (emphasis in original). Similarly, the court in *In re Roberts*, 75 B.R. 402, 408–09 (D.Utah 1987), determined that Section 1107(b) does not excuse an attorney from compliance with the requirement that the attorney be disinterested. It noted that the only exception provided by Section 1107(b) is disqualification arising from prepetition employment. 75 B.R. at 409. If the attorney is a creditor of the debtor in possession, then he or she is not disinterested. *Id.* *Accord, Jaimalito's Cantina Assoc. Ltd. Partnership*, 114 B.R. 1 (D.C.1990).

---

**3.** 11 U.S.C. § 327(e) provides: "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

We agree with this latter group of courts. Code Sections 327(a) and 101(14) explicitly provide that a professional with a prepetition claim against the debtor cannot qualify as disinterested. Section 1107(b) makes no mention of professionals with claims against the debtor. It states only that employment by or representation of a debtor prepetition may not be the sole basis for disqualification. To apply Section 1107(b) to permit the appointment of counsel with claims against the debtor is to ignore the unambiguous language of this statute and of Sections 327(a) and 101(14).[4]

### C. The Court Cannot Approve Employment of Bankruptcy Counsel Which Is Not Disinterested

In this case, the court acknowledged that Smith & Cope was not disinterested. Apparently, the court allowed Smith & Cope to represent the Debtor because Smith & Cope already was familiar with the case.

In *In re Middleton Arms, Ltd. Partnership*, 934 F.2d 723, 725 (6th Cir.1991), the circuit court held that when the parties stipulated that a professional was not disinterested, the bankruptcy court erred in approving its employment application. The court reasoned that Section 327(a) clearly states that the court cannot approve the employment of a person who is not disinterested. *Id.* Bankruptcy courts cannot use equitable principles to disregard unambiguous statutory language. *Id. See also In re Michigan General Corp.*, 77 B.R. 97, 106 (N.Tex.1987) ("This court is not inclined to measure a degree of disinterestedness or interestedness to see whether it is sufficient to qualify or disqualify. A lack of disinterestedness on the part of a professional ... is, without any exception known to this court, a disqualifying fact."). We agree with this analysis. Because the bankruptcy court found that Smith & Cope was not disinterested, the court should not have approved the employment application.

---

4. Note that we are not deciding whether counsel with a prepetition claim arising solely from services related to the bankruptcy case may represent the debtor in that case. *See In re Martin*, 817 F.2d 175, 180 (1st Cir.1987) (Section 327(a) should not be read to foreclose the employment

## V

### CONCLUSION

The order authorizing employment is **REVERSED** because, as acknowledged by the bankruptcy court in this case, by holding a prepetition secured claim against the Debtor, Smith & Cope by law is not disinterested.

of an attorney who is in any respect a creditor, given that any attorney who may be retained to represent a debtor in possession becomes a creditor of the estate just as soon as any compensable time is spent on account).