**In re LKM INDUSTRIES, INC., Debtor.**

No. 00–12645–CJK.

United States Bankruptcy Court, D. Massachusetts.

Sept. 8, 2000.

Peter J. Haley, Boston, MA, for debtor.

Eric K. Bradford, Boston, MA, for U.S. Trustee.

Paul D. Moore, Boston, MA, for Official Creditors' Committee.

### MEMORANDUM OF DECISION ON DEBTOR'S APPLICATION TO EMPLOY ACCOUNTANT

CAROL J. KENNER, Bankruptcy Judge.

The Debtor, as a debtor in possession under Chapter 11 of the Bankruptcy Code, has applied for an order approving its employment of David M. Duchesneau and The Duchesneau Group, Inc. (together, "Duchesneau") as its accountants in this case. Duchesneau, however, holds an unsecured prepetition claim against the estate for $22,952.00 for prepetition service to the Debtor. The Official Committee of Unsecured Creditors objects to the application, stating that Duchesneau should be required to waive its prepetition claim as a condition of employment. The United States Trustee takes the same position, arguing that by virtue of its prepetition claim, Duchesneau holds an interest adverse to the estate, is not disinterested, and, for these reasons, cannot satisfy the requirements of § 327(a) for employment by a trustee. 11 U.S.C. § 327(a) (permitting trustee to employ an accountant who is disinterested and does not hold or represent an interest that is adverse to the estate). Relying on 11 U.S.C. § 1107(b) and *In re Martin*, 817 F.2d 175, 180 (1st Cir.1987), the Debtor argues that the Court may, in its discretion, permit the Debtor to employ Duchesneau without a

waiver. The only issue presented is whether the Code categorically prohibits a debtor-in-possession from employing a professional that holds a prepetition claim arising from service unrelated to the bankruptcy filing or, on the other hand, permits such employment when, in the court's discretion, the professional is sufficiently disinterested. Neither the Creditors' Committee nor the U.S. Trustee suggests that, under the latter standard, Duchesneau would be disqualified.

The question presented involves three sections of the Bankruptcy Code. First, § 327(a) permits a trustee—or the trustee's equivalent in Chapter 11, a debtor in possession[1]—to employ only such accountants or other professionals as (1) do not hold or represent an interest adverse to the estate and (2) are disinterested persons.[2] Second, § 101(14) defines "disinterested person" to mean a person who, among other things not relevant here, "is not a creditor"[3] and "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason." 11 U.S.C. § 101(14)(A) and (E). Third, § 1107(b) relaxes somewhat § 327(a)'s standards of disinterestedness and adverse interest where the pro-

fessional was previously employed by the debtor and the party seeking to employ the professional is not the trustee but the debtor in possession. It states: "Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

The United States Trustee argues that § 327(a) unambiguously and categorically prohibits the employment of any professional who is not "disinterested" as that term is defined in § 101(14); in short, the Court has no discretion to permit employment of a professional who is a creditor. The Debtor responds with two arguments. First the Debtor challenges the U.S. Trustee's understanding of § 327(a), arguing that, as construed by the First Circuit in *In re Martin,* 817 F.2d 175, 180 (1st Cir.1987), the requirement of disinterestedness in § 327(a) is not a bright-line rule but an objective standard whose application is fact-intensive and entrusted to the discretion of the bankruptcy court. And second, the Debtor argues that, even if § 327(a), standing alone, would not permit the Court to approve Duchesneau's employment, Duchesneau is nonetheless qualified for employment under § 327(a) *as modified by § 1107(b):* the Debtor con-

1. See 11 U.S.C. § 1107(a): "Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all of the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter."

2. Section 327(a) states:
   Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and

that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
11 U.S.C. § 327(a). The parties agree that the employment at issue is for the general purposes governed by § 327(a), and not "for a specified special purpose, other than to represent the trustee in conducting the case," where employment is governed by the less stringent standard of § 327(e).

3. Creditor is a defined term meaning, for present purposes, an entity that holds a claim against the debtor that arose before the commencement of the bankruptcy case. It would not include holders of administrative expense claims. See 11 U.S.C. § 101(10) (defining creditor).

tends that § 1107(b) permits a debtor in possession to employ a creditor whose claim arises solely out of its prior employment by the debtor. The U.S. Trustee does not directly answer this argument but cites *In re HUB Business Forms, Inc.*, 146 B.R. 315, 320–321 (Bankr.D.Mass.1992) (Goodman, J.), which stands for the proposition that § 1107(b) does not create an exception to § 327(a) for professionals who are creditors by virtue of prepetition services that are unrelated to the bankruptcy filing. (The Debtor does not allege that the services at issue related to the bankruptcy filing.)

***Section 327(a) and In re Martin***

■ The first issue presented is whether § 327(a) gives the Court discretion to permit a debtor in possession to employ a professional who is a creditor by virtue of prepetition service to the debtor. The First Circuit Court of Appeals addressed this issue in *In re Martin, supra.* In *Martin,* the debtors had given their bankruptcy counsel a prepetition mortgage to secure payment of fees earned during and in preparation for the bankruptcy case. Notwithstanding this arrangement, the bankruptcy court allowed the debtor in possession to employ the attorney. When the debtors' attempt to reorganize in Chapter 11 failed, they converted their case to Chapter 7. Debtors' counsel then applied for allowance of the fees it had earned during the Chapter 11 part of the case, and the Chapter 7 Trustee filed a notice of intent to abandon the mortgaged property—because, by virtue of the mortgage, there was no equity in it for the estate. The creditors' committee objected to both and, in particular, argued that the mortgage was invalid. See *In re Martin,* 59 B.R. 140, 142 (Bankr.D.Me.1986). The Bankruptcy Court concluded that the mortgage constituted an interest adverse to the estate; that by virtue of the mortgage, counsel was not "disinterested"; and that counsel should not have been employed without divesting itself of the mortgage. On these grounds, the court invali-

dated the mortgage but allowed most of the fees requested on an unsecured basis. The debtor appealed from the order invalidating the mortgage, and the creditors' committee appealed from the fee award. On appeal, the District Court affirmed both orders, whereupon the debtor further appealed to the First Circuit Court of Appeals.

The Court of Appeals vacated the order invalidating the mortgage and remanded the matter to the Bankruptcy Court, stating that the mortgage, and the "creditor" status it conferred on debtors' counsel, did not *per se* constitute an adverse interest or foreclose the possibility of counsel's being disinterested, and therefore employable, under § 327(a). In rejecting a *per se* reading of the "disinterested person" and "adverse interest" standards in § 327(a), the First Circuit held that a "literalistic reading" of § 327(a) that would preclude the employment of an attorney who is in any respect a "creditor" "defies common sense and must be discarded as grossly overbroad." *In re Martin,* 817 F.2d at 180. The Court explained:

> After all, any attorney who may be retained or appointed to render professional services to a debtor in possession becomes a creditor of the estate just as soon as any compensable time is spent on account. Thus, to interpret the law in such an inelastic way would virtually eliminate any possibility of legal assistance for a debtor in possession, except under a cash-and-carry arrangement or on a pro bono basis. It stands to reason that the statutory mosaic must, at the least, be read to exclude as a "creditor" a lawyer, not previously owed back fees or other indebtedness, who is authorized by the court to represent a debtor in connection with reorganization proceedings—notwithstanding that the lawyer will almost instantaneously become a creditor of the estate with regard to the charges endemic to current and future representation.

*Id.* The Court went on to state that the twin and intertwined requirements of disinterestedness and lack of adversity "telescope into what amounts to a single hallmark":

> Phrasing the standard in terms of the case at bar, the bankruptcy court was bound to inquire whether the acceptance of the Mortgage by V & D [debtors' counsel] created either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors—an incentive sufficient to place those parties at more than acceptable risk—or the reasonable perception of one.

*Id.* The Court went on to prescribe a standard that is both discretionary and fact-intensive, to be applied in each case according to its own merits.

The difficulty with this standard is not in what it prescribes but in knowing how broadly it was meant to apply. The standard clearly was prescribed to apply in situations when strict application of a *per se* rule would disqualify counsel by virtue of a prepetition debt, or of another arrangement for compensation, arising from services rendered in conjunction with or preparation for the bankruptcy case itself. Application of a *per se* rule in those circumstances "would defy common sense," the Court said, because it would grossly compromise the ability of debtors to retain bankruptcy counsel and to pay them for standard and necessary prepetition service, an absurd result that Congress could not have intended. Where the debt is not for prepetition service, the rationale of *Martin* does not apply at all. The present case falls in the middle, between the clearly applicable and clearly inapplicable: the debt is for prepetition service, but not service rendered in conjunction with the filing. Application of the *per se* rule would not stymie a Debtor's ability to pay for service rendered in preparation for bankruptcy. It could preclude employment of those professionals who, by virtue of prepetition service to the Debtor, might be best suited to aid the Debtor in bankruptcy, but this result is not absurd or outside the realm of what Congress could possibly have intended.

In the only case on point, Judge Goodman ruled that *Martin* should not be construed to permit employment in this middle situation, where the professional's debt arises from prepetition service that is unrelated to the bankruptcy filing; a professional holding such a debt is disqualified *per se.* *In re HUB Business Forms, Inc.,* 146 B.R. 315, 320 (Bankr.D.Mass.1992). I agree with this holding for two reasons.

First, where the debt is for prepetition service that is unrelated to the bankruptcy filing, the *per se* rule would not yield an absurd result. One might disagree as a matter of policy with the legislature's decision to disqualify all creditors *per se,* but the result—the disqualification of counsel who are creditors by virtue of prepetition service to the debtor—is well within the realm of what Congress could possibly have intended. In short, the determinative factor from *Martin* is not present here. There is no cause to depart from the statute as written.

Second, in § 1107(b) (which is not discussed in *Martin*), Congress specifically dealt with whether and to what extent the requirements of § 327(a) should be modified to permit a debtor in possession to employ its prepetition professionals. As I conclude below, § 1107(b) excludes only previous employment, and not a debt arising therefrom, as cause for disqualification. The Court cannot, by a judicial gloss on § 327(a), redraw the lines that, in § 1107(b), Congress has already put in place. For these reasons, I conclude that, notwithstanding the holding in *Martin,* § 327(a) does not give the Court discretion to permit a debtor in possession to employ a professional who is a creditor by virtue of prepetition service that is unrelated to the bankruptcy filing.

*Section 1107(b)*

■ The next issue is whether § 1107(b) alters this result. Section 1107(b) of the Bankruptcy Code provides:

Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

The effect of this subsection is to prevent "employment by or representation of the debtor before the commencement of the case" from constituting cause in itself to disqualify a person from employment by the debtor in possession. Section 1107(b) does not obviate the need for the professional to be a disinterested person and to be free of "any interest materially adverse to the interest of the estate," as required by 11 U.S.C. §§ 327(a) and 101(14)(E), except insofar as these are incompatible with prior employment or representation by the debtor. *In re Middleton Arms, Ltd.*, 934 F.2d 723, 725 (6th Cir.1991) (section 1107(b) applies not to all interested persons "but only to those who fail to be disinterested solely because of prior employment"). Nor does it preclude the possibility that, by virtue of some circumstance of the specific prepetition employment, the professional might be unable to satisfy these requirements and thereby be disqualified. Rather, it only establishes that the prepetition employment is not cause in itself to hold that the professional is not disinterested or has an interest adverse to the estate.

The issue presented here is whether a debt arising from prepetition employment is part of what Congress meant by "employment by or representation of the debtor before the commencement of the case" within the meaning of § 1107(b), such that § 1107(b) would prevent the debt from constituting cause to disqualify, or, on the other hand, whether the debt is something outside of that definition and therefore subject to screening for disinterestedness and lack of adverse interest. The Bankruptcy Code does not define the phrase at issue: "employment by or representation of the debtor before the commencement of the case." And the cases on the issue are divided.

Several have taken the position that a debt arising from prepetition representation is part and parcel of what § 1107(b) means by "representation of the debtor," and therefore is not *per se* disqualifying.[4] In *Viking Ranches* and *Best Western,* however, the courts left open the possibility that the prepetition debt might, depending on its size and other factors, constitute a materially adverse interest. Therefore, these cases generally stand for the proposition that a prepetition debt arising from prior employment does not *necessarily* disqualify, not that it cannot disqualify. Other courts have construed § 1107(b) narrowly, holding that it excludes only previous employment, and not any resulting debt, as cause *per se* for disqualification; when the previously employed person holds a claim arising from prepetition employment, the prepetition employment does not in itself preclude employment by

---

**4.** *In re Microwave Products of America, Inc.,* 94 B.R. 971, 974–75 (Bankr.W.D.Tenn.1989) (under § 1107(b), a professional who is a creditor solely because of prepetition employment is not thereby disqualified for employment by a debtor-in-possession); *In re Viking Ranches, Inc.,* 89 B.R. 113, 115 (C.D.Cal. 1988) ("the term 'employment' under section 1107(b), must include, in debtor-in-possession cases, any professional who is a creditor solely because of pre-petition employment"; the court also found that the debt was *de mini-* *mus* and therefore did not constitute a materially adverse interest); *In re Best Western Heritage Inn Partnership,* 79 B.R. 736, 740 (Bankr. D.Tenn.1987) ("the debtor's prepetition attorney should not be automatically disqualified as a creditor because he is owed fees for non-bankruptcy work done before the chapter 11 petition was filed. The attorney should still be disqualified under § 327(a) if the claim for fees gives him an interest adverse to the bankruptcy estate."); *In re Heatron,* 5 B.R. 703, 705 (Bankr.W.D.Mo.1980).

the debtor in possession, but the claim still does.[5]

The Court agrees with the narrower view of § 1107(b) for the following reasons. First, although the Code does not define what § 1107(b) means by "employment by or representation of the debtor," the definition of "disinterested person" in § 101(14) is instructive. 11 U.S.C. § 101(14). The definition excludes those who are creditors (§ 101(14)(A)). But it also expressly excludes those who, within two years of the date of the filing, were "employees" of the debtor (§ 101(14)(D)). And it expressly excludes those who hold a materially adverse interest to the estate or any class of creditors "by reason of any direct or indirect relationship to ... the debtor," (§ 101(14)(E)), a class that can include attorney-client relationships. In view of the fact that § 101(14) makes a distinction between creditor status and employee and attorney status, the Court must conclude that, when § 1107(b) creates an exception for "employment by or representation of the debtor," it meant only that and not also "any resulting debt."

Second, "employment by or representation of the debtor" is a qualitatively different basis for disqualification than creditor status. *Jaimalito's Cantina Assoc. Ltd. Partnership*, 114 B.R. at 2 ("Prior employment or representation as counsel raises disqualification issues distinct from the issue of holding a claim. See, e.g., 11 U.S.C. § 101(13)(D) dealing with lack of disinter-

estedness based on prior employment notwithstanding absence of any claim."). The former can give rise to an interest in, bias in favor of, or even fiduciary duty toward the debtor; but the latter has an interest as a creditor (which, depending on the nature of the creditor's claim, may be aligned with or opposed to the interests of the estate and other creditors). Section 1107(b) represents a legislative decision to tolerate one kind of interest, an interest in favor of the debtor. See *In re Best Western Heritage Inn Partnership*, 79 B.R. at 739–740 (legislative history of disinterestedness requirement for counsel to debtor in possession). A debt arising from prior employment or representation is not simply an interest of the same sort. It is different in kind. Therefore, we cannot assume that Congress meant to protect it under the aegis of § 1107(b).

And third, under the permissive interpretation of § 1107(b), a debt arising from prior representation does not disqualify *per se* but can disqualify if, in the court's discretion, the debt constitutes a materially adverse interest to the interests of the estate. These cases retain the adverse interest test for good reason: prepetition debts do, in some instances, create a real and substantial conflict of interest for debtors' counsel. But § 1107(b) does not exempt the prior representation only from the test for disinterestedness; it states that a person's prior representation of the debtor is not disqualifying at all, such that

---

**5.** *In re Jaimalito's Cantina Assoc. Ltd. Partnership*, 114 B.R. 1 (Bankr.D.Dist.Col.1990) (§ 1107(b) does not alter result that attorney who held claim for prepetition service unrelated to the bankruptcy filing is disqualified because she is not disinterested); *In re Roberts*, 75 B.R. 402, 408–409 (D.Utah 1987) (the only exception provided by § 1107(b) is disqualification arising from prepetition employment; an attorney who is a creditor is not disinterested); *In re Siliconix*, 135 B.R. 378 (N.D.Cal.1991) (reversing order of bankruptcy court that permitted debtor to apply accounting firm that held prepetition claim; statutory language is clear, and there are no clear rules for applying the "minority" permissive interpretation); *CIC Investment Corp.*, 175 B.R. 52,

55 (9th Cir. BAP 1994) (a professional with a claim secured by debtor's property is, as a matter of law, not disinterested; § 1107(b) makes no mention of prepetition claims and does not permit court to ignore the unambiguous language of §§ 327(a) and 101(14)); *Watervliet Paper Co.*, 96 B.R. 768, 771–772 (Bankr.W.D.Mich.1989) (§ 1107(b) does not excuse proposed counsel to debtor in possession from compliance with disinterestedness requirement that counsel not be a creditor); and *In re HUB Business Forms, Inc.*, 146 B.R. 315, 320 (Bankr.D.Mass.1992) (§ 1107(b) does not carve out an exception for professionals who are creditors for services unrelated to the bankruptcy filing).

even the adverse interest analysis is irrelevant. If a debt arising from prepetition representation is part and parcel of what § 1107(b) means by "representation of the debtor," then, according to § 1107(b) itself, it cannot disqualify the professional, either under the disinterested person test or the adverse interest test. As one court explained:

> If § 1107(b) eliminates creditor status as a basis of disqualification under § 327(a) for lack of disinterestedness, it logically follows that § 1107(b) also eliminates creditor status as a basis of disqualification under § 327(a) for holding an adverse interest. *Heatron* [5 B.R. 703, 705 (Bankr.W.D.Mo.1980)] and its progeny recognize that § 1107(b) ought not prevent disqualification when the claim results in an adverse interest, but does otherwise prevent disqualification. With all due respect, the logical reading of the statute does not permit that inconsistency.

*Jaimalito's Cantina Assoc. Ltd. Partnership,* 114 B.R. at 2. In other words, the permissive interpretation must either (1) contradict § 1107(b) by retaining the adverse interest test that the statute suspends for prior employment or representation or (2) permit employment even where the prepetition debt constitutes a materially adverse interest. The former is inconsistent with the statute; and the latter is so reckless that even the proponents of the permissive interpretation avoid it, either as a plausible interpretation of the statute or as good policy. Both are dead ends.

For these reasons, I conclude that § 1107(b) excludes only previous employment, and not a debt arising therefrom, as cause *per se* for disqualification. The debt remains a basis for disqualification. By virtue of the debt, Duchesneau is a creditor and therefore not a disinterested person. Duchesneau cannot be employed without first waiving its claim. Accordingly, the Court will enter a separate order denying the application to employ without prejudice to renewal with a waiver of the claim.