**In re:  Reed E. SLATKIN, Debtor.**

**Kendall Dorsett;  Michael McGahee; Ann Thomas;  Seymour Thomas, Appellants,**

v.

**R. Todd Neilson, Chapter 11 Trustee, Appellee.**

No. 05–55382.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2007 *.

Filed March 19, 2007.

Steven L. Hayes, Esq., Steven L. Hayes Law Corporation, Pine Mountain Club, CA, for Appellants.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Andrew S. Rotter, Esq., Gumport, Reitman & Montgomery, Richard L. Wynne, Esq., Mark T. Cramer, Esq., Kirkland & Ellis, LLP, Los Angeles, CA, for Appellee.

Before: FERNANDEZ, GRABER and IKUTA, Circuit Judges.

### MEMORANDUM**

Kendall Dorsett, Michael McGahee, Ann Thomas and Seymour Thomas appeal the district court's order which affirmed the bankruptcy court's award of attorneys fees to Kirkland & Ellis LLP for its work on behalf of the bankruptcy estate. We affirm.

On this record, we cannot say that the bankruptcy court erred in its decisions regarding the facts or the law, or that it abused its wide discretion regarding the award of attorneys fees. *See* 11 U.S.C. § 330; Fed. R. Bankr.P.2014; *Dawson v. Wash. Mut. Bank, F.A. (In re Dawson),* 390 F.3d 1139, 1145 (9th Cir.2004); *see also Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet),* 251 B.R. 103, 106, 108 (9th Cir. BAP 2000). The bankruptcy court did not err in deciding that the services rendered by Kirkland & Ellis benefitted the bankruptcy estate. *See Smith v. Edwards & Hale, Ltd. (In re Smith),* 317 F.3d 918, 926 (9th Cir.2002). Nor did it abuse its discretion when it declined to penalize Kirkland & Ellis for failure to disclose a connection between itself and an interested party. *See Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park–Helena Corp.),* 63

F.3d 877, 880 (9th Cir.1995); *Film Ventures Int'l, Inc. v. Asher (In re Film Ventures Int'l, Inc.),* 75 B.R. 250, 253 (9th Cir. BAP 1987).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

