**In re SILICONIX, INC., a Delaware Corporation, Debtor.**

No. C91–2816 TEH.

Bankruptcy No. 3 90 1257(LK).

United States District Court, N.D. California.

Dec. 26, 1991.

Lynne Higgs, Patricia A. Cutler, Anthony G. Sousa, U.S. Dept. of Justice, San Francisco, Cal., for petitioner.

Gregory S. Clore, Brobeck, Phleger & Harrison, San Francisco, Cal., for respondent.

THELTON E. HENDERSON, Chief Judge.

This matter comes before the court as an appeal of a December 10, 1990, order of the U.S. Bankruptcy Court for the Northern District of California. By that order, the Bankruptcy Court authorized the debtor, Siliconix, to employ the accounting firm of Deloitte & Touche. The U.S. Bankruptcy Trustee brought this appeal on the grounds that the Bankruptcy Court's appointment

of a creditor to a position of employment with the debtor is contrary to established bankruptcy law, and that there were insufficient facts in the record to justify permitting that employment *nunc pro tunc.* This court is in agreement with the U.S. Trustee, and for the reasons below the action of the Bankruptcy Court permitting employment of Deloitte & Touche, a creditor, by the debtor Siliconix is hereby REVERSED.

### Standard of Review

■ On an appeal from a ruling of a U.S. Bankruptcy Court, the District Court reviews all questions of law de novo. *In re American Mariner Industries, Inc.,* 734 F.2d 426, 429 (9th Cir.1984). Findings of fact shall be set aside only if clearly erroneous. *Ragsdale v. Haller,* 780 F.2d 794, 795 (9th Cir.1986).

### Discussion

■ The primary question for our review is when, if ever, it is legally appropriate for a bankruptcy debtor to employ a professional who is also a creditor to the debtor estate. 11 U.S.C. § 327(a) provides in pertinent part that:

> ... the trustee, with the court's approval, may employ one or more attorneys, accountants ... or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons to represent or assist the trustee in carrying out the trustee's duties under this title.

To be employed to work for the debtor estate, then, a professional must be disinterested. 11 U.S.C. 101(14)(a) specifically defines "disinterested" parties as persons who are "not creditor[s]."

There is no claim that Deloitte & Touch are not creditors of the debtor estate in this matter. To the contrary, it is uncontested that Deloitte & Touche hold the eighth-largest claim against the estate, a claim of $189,574, thus rendering the accountants "prime" creditors. *See* Fed.R.Bankr.P. 1007(d), 4001(a)(1), (b)(1), (c)(1) and (d)(1) (creating special procedural requirements for the twenty creditors with the largest claims). It would seem that the intent of Congress was clear that creditors were to be treated as per se interested, and therefore not among the class of professionals who may be employed under 11 U.S.C. § 327.

However, 11 U.S.C. § 1107(b) provides that:

> [n]otwithstanding Section 327(a) of this title, a person is not disqualified from employment under Section 327 of this title by a debtor in possession solely because of such a person's employment by or representation of the debtor before the commencement of the case.

On its face, this statute merely states that, for purposes of § 327, prior employees of the debtor are not per se interested, and not necessarily disqualified from further employment. A minority of courts, however, have read § 1107(b) to create an exception to § 327 which permits employment of creditors where the claim against the estate is small, and where such employment may confer a substantial benefit upon the estate. There are essentially two arguments in support of this interpretation: first, prior employees of a debtor will usually be debtors, so the statute would be nonsensical if not read to create a creditor exception to § 327; second, prior employees are acquainted with the estate and can operate more efficiently than outside professionals, thus preserving the estate and conferring a benefit to all creditors. *See In re Heatron, Inc.,* 5 B.R. 703, 705 (Bankr.W.D.Mo.1980); *In re Best Western Heritage Inn Partnership,* 79 B.R. 736, 738 (Bankr.E.D.Tenn.1987); *In re Viking Ranches,* 89 B.R. 113, 114 (Bankr.C.D.Cal. 1989). It was upon this reasoning, and applying this minority rule, that the Bankruptcy Court in the instant matter permitted employment of Deloitte & Touche.

It is the opinion of this court that the minority rule should be rejected. The clear language of the statutes involved proscribes employment of creditors. Moreover, a majority of courts have specifically rejected the arguments offered in support of the minority rule. *In re Middleton Arms. Ltd.,* 934 F.2d 723 (6th Cir.1991); *In re Watervliet Paper Co., Inc.,* 96 B.R. 768 (Bankr.W.D.Mich.1989), *affirmed,* 111 B.R.

131 (W.D.Mich.1989); *In re Leisure Dynamics, Inc.*, 33 B.R. 121 (D.Minn.1983); *In re Lakeside I. Corp.*, 120 B.R. 231 (Bankr.M.D.Fla.1990); *In re Jaimalito's Cantina Assoc. Ltd. Partnership*, 114 B.R. 1 (Bankr.D.D.C.1990). In rejecting those arguments, the court in *In re Gray*, 64 B.R. 505 (Bankr.E.D.Mich.1986), stated that "with respect to questions of efficiency, it is by now plain that Congress when it enacted § 327(a), made a conscious choice that efficiency would be sacrificed for the appearance of propriety." *Id.* at 508. The bankruptcy rules were designed to "insure the integrity of the bankruptcy process, and the public confidence in the bankruptcy courts." *In re Lee Way Co.*, 100 B.R. 950, 961 (Bankr.E.D.Ohio 1989).

Moreover, there are no clear standards for applying the minority rule. In general, courts permitting employment of creditors have required the claim against the estate to be "small," and required that the particular professional must be able to confer a benefit to the debtor in terms of efficiency and continuity of service and employment. However, no court has explained just how small "small" must be, and whether the size of the claim is to be evaluated in relation to the other creditors, the total debt, the size of the creditor-professional's business, or anything else. Where the very integrity of the bankruptcy courts is involved it seems unwise to permit a rule without any standards for consistent and appropriate application.

The reasoned weight of authority does not support the minority rule. The language of the statutes clearly proscribes employment of creditors, and that is how the statute should be interpreted. As stated by the court in *In re Gray*, whatever efficiency might be gained by employing creditors is outweighed by the need to preserve both the integrity and the appearance of integrity of the bankruptcy system. Congress obviously desired to avoid even the appearance of a conflict of interest between the debtor and the professionals hired by the state. No argument has been presented by Deloitte & Touche, or by any of the courts applying the minority rule, sufficient to counter Congress' plain intent.

Because we rule that creditors are per se interested and thus barred from employment by § 327(a), we need not reach the question of whether *nunc pro tunc* employment was appropriate in this case. No employment *nunc pro tunc* or otherwise, is permitted for creditors.

*Conclusion*

For the foregoing reasons, the order of the Bankruptcy Court permitting the debtor Siliconix to employ Deloitte & Touche is hereby REVERSED.

IT IS SO ORDERED.