In re EASTERN CHARTER
TOURS, INC., Debtor.

Bankruptcy No. 94–50232–JDW.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

May 12, 1994.

Angela Tyson–Floyd, Macon, GA, for debtor.

Patricia C. Garrett, Macon, GA, for U.S. Trustee.

## MEMORANDUM OPINION

JAMES D. WALKER, Bankruptcy Judge.

This matter is before the Court on Objection Of The United States Trustee To Debtor's Application For Order Authorizing The Retention Of Accountant. A hearing on the Trustee's Objection was held on March 23, 1994. Based on the evidence presented at the hearing, and the arguments of counsel, the Court will sustain the objection of the United States Trustee. These findings of fact and conclusions of law are published in compliance with Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

The facts are not in dispute. The debtor-in-possession filed its application for an order authorizing the retention of J.W. Llop, Jr., CPA as accountant. In its application, the debtor-in-possession disclosed that Mr. Llop was a creditor of the estate with a claim arising from pre-petition accounting services, but otherwise held no interest adverse to the estate. Mr. Llop is owed $4,280.00 for his prior accounting services. The Court granted the debtor-in-possession's then unopposed application in an order dated March 1, 1994. The United States Trustee filed an objection to the employment of Mr. Llop on March 3, 1994, stating that because Mr. Llop is a creditor of the estate, he is not disinterested and may not be employed by the debtor-in-possession.

### CONCLUSIONS OF LAW

The issues before the Court are purely questions of law, and will turn on the Court's construction of the disinterestedness standards of the Bankruptcy Code. Relevant portions of the Code are as follows:

11 U.S.C. § 327(a) (Law Co-op 1994):

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to rep-

resent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 101(14) (Law Co-op 1994): "disinterested person" means person that . . .

(A) is not a creditor, an equity security holder, or an insider;

11 U.S.C. § 1107(b) (Law Co-op 1994): Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

Courts interpreting the interaction between the above Code sections have applied a variety of readings to the disinterestedness standard for the employment of professionals. The interpretations are characterized here in three categories, strict, liberal and the middle ground. All courts seem to agree that there are two requirements contained in section 327(a): that the professional be disinterested and that they not hold an interest adverse to the estate.

What is categorized here as the strict reading appears to be the majority rule on the issue. This rule focuses on the language of the Code and treats all the above Code sections as mandatory threshold requirements for employment. *United States Trustee v. Price Waterhouse*, 19 F.3d 138 (3rd Cir.1994). The Code, these courts reason, is not ambiguous as to the disinterestedness requirement, and courts are not free to disregard unambiguous statutory language. *In re Sky Valley, Inc.*, 135 B.R. 925, 936 (Bankr.N.D.Ga.1992) citing *Childress v. Middleton Arms, L.P.*, 934 F.2d 723 (6th Cir. 1991). Professionals must be disinterested. 11 U.S.C. § 327(a) (Law Co-op 1994). Creditors are, by definition, not disinterested. 11 U.S.C. § 101(14) (Law Co-op 1994). Therefore, pre-petition creditors may not be employed as professionals by the estate.

Courts adopting this approach treat the disinterestedness requirement as a prophylactic measure which must be applied without regard to the facts of the case or any equitable considerations which might point to a different result. The reason often given is that "[t]he conflict of interest rules, which require that a professional be disinterested, are more strictly applied in the bankruptcy context than in other areas of law; such strict application assures the professional's undivided loyalty to the client, who is the debtor-in-possession, which loyalty is necessary because the debtor is a fiduciary for the estate and its creditors." *In re Sky Valley, Inc.* at 935 citing *In re Jones, Inc.*, 134 B.R. 321 (Bankr.N.D.Ill.1991). This amounts to a per se rule against employment of pre-petition creditors regardless of how and when they became creditors. *In re Siliconix, Inc.*, 135 B.R. 378 (N.D.Cal.1991). The court in *In re Gray*, 64 B.R. 505, 508 (Bankr. E.D.Mich.1986) stated ". . . with respect to questions of efficiency, it is by now plain that Congress when it enacted § 327(a), made a conscious choice that efficiency would be sacrificed for the appearance of propriety."

Courts following this approach reason that while section 1107(b) of the Code relieves professionals of any conflict of interest resulting from prior representation of the pre-petition debtor, a professional who is a creditor is not disinterested. *In re Adam Furniture Industries, Inc.*, 158 B.R. 291 (Bankr. S.D.Ga.1993); *In re Lakeside I Corp.*, 120 B.R. 231, 233 (Bankr.M.D.Fla.1990). Creditors may only be employed by the estate if they waive their pre-petition claim. *In re Pica Systems, Inc.*, 124 B.R. 30, 33 (E.D.Mich.1991).

The second category, described here as the liberal reading, reflects a minority position. This reading treats the language of section 1107(b) as an exception to the disinterestedness requirement of 327(a) where the claim is relatively small and where employment of the professional will benefit the estate. *In re Heatron, Inc.*, 5 B.R. 703 (Bankr.W.D.Mo. 1980); *In re Best Western Heritage Inn Partnership*, 79 B.R. 736 (Bankr.E.D.Tenn. 1987); *In re Viking Ranches*, 89 B.R. 113 (Bankr.C.D.Cal.1988). Under this view, courts treat the professional's status as a creditor as incidental to prior representation of the debtor. Such prior representation was contemplated by Congress in section 1107(b), and therefore creditors may be employed by the debtor as long as they do not have interests adverse to the debtor. The disinterestedness requirements are viewed not as man-

datory, but rather as guidelines for the exercise of the court's discretion. *In re Philadelphia Athletic Club, Inc.,* 20 B.R. 328, 333 (E.D.Pa.1982); *In re Cropper Co.,* 35 B.R. 625 (Bankr.M.D.Ga.1983) (stating that the disinterestedness requirements are guidelines, and yet giving them conclusive effect). This provides the greatest discretion to the court in allowing employment based on a case by case analysis. It also allows equitable considerations such as the effect on the debtor of the disqualification of the professional. However, such a reading neglects the requirements of section 101(14)(A) of the Code, and applies looser disinterestedness standards than what Congress has plainly specified.

The middle ground struck by some courts is best described as a caveat to the majority strict interpretation view. Under this view, professionals with pre-petition claims may only represent the debtor if the pre-petition claim was incurred in direct relation to the filing of the bankruptcy petition. *In re Martin,* 817 F.2d 175 (1st Cir.1987); *In re Automend, Inc.,* 85 B.R. 173 (Bankr.N.D.Ga.1988); *In re K & R Mining, Inc.,* 105 B.R. 394 (Bankr.N.D.Ohio 1989); *In re Estes,* 57 B.R. 158 (Bankr.N.D.Ala.1986); *In re Roberts,* 46 B.R. 815 (Bankr.D.Utah 1985). Therefore, if a professional provided services to the debtor regarding pre-bankruptcy planning or bankruptcy alternatives, such a professional would not be barred from employment by the debtor despite the status of the professional as a pre-petition creditor. In all other respects, this approach tracks the reasoning of the strict reading. This approach both gives effect to the disinterestedness requirement while at the same time serving the sound policy consideration of encouraging debtors to seek alternatives to bankruptcy.

 Upon review of the relevant case law, I feel that the majority rule most clearly reflects the plain meaning of the statute. It is a well established canon of statutory interpretation which states that "[t]he plain language of legislation should be conclusive except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of the drafters.... In such cases the intention of the drafters, rather than the strict language controls." *U.S. v. Ron Pair Enter-*

*prises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). I am compelled to agree with the Third Circuit when it stated that the provisions of the Bankruptcy Code "... unambiguously forbid a debtor in possession from retaining a prepetition creditor to assist it in the execution of its Title 11 duties." *United States Trustee v. Price Waterhouse,* 19 F.3d at 141. The Bankruptcy Code clearly specifies that creditors may not be employed by the estate as professionals, and this Court is not free to ignore legislative enactments just because it may appear that another result might better serve the interest of the estate.

It is a disturbing circumstance to conclude that a creditor/professional with a claim incurred in the ordinary course of pre-bankruptcy representation of the debtor is precluded from representing the estate when the benefits of continuing the services might drastically outweigh any appearance of impropriety. As a consequence, it may happen that the professional most familiar with the debtor's finances and most able to advise the debtor as to the available options is deemed to be disqualified from the reorganization effort. In addition to discouraging a professional from representing a financially distressed client, it is conceivable the debtor may find itself crippled in the very beginning of the case by the necessity for the engagement of a new professional to replace the one whose informed and trusted counsel is required to be summarily discarded to the cause of "disinterestedness."

Bankruptcy judges are frequently called upon to strike a delicate balance between conflicting forces. Disinterestedness is a worthy objective for which much substance might appropriately be sacrificed. The public's confidence in the integrity of the administration of the bankruptcy system is profoundly important.

On the other hand, Congress has embraced the wisdom of preventing the disqualification of a professional merely because that professional had previously represented the debtor. It is easily implied from that exception that the incidental fees incurred in connection with that representation might also be excepted from the scope of disqualification in the "disinterestedness" test. It is easy to extrapolate to the conclusion that

pre-petition fees as well as pre-petition services should not operate as a disqualification for a professional. Unfortunately, Congress made no such exception for the fees, even though it might be anticipated that one would have been made had the matter been specifically considered.

The need for flexibility in the supervision of employment of professionals by the Bankruptcy Court is very real. On the other hand, this problem, if it is a problem, has been clearly identified in other cases which have preceded this one. Whatever might be the wisdom of the view expressed here and in those previous cases, it is for the Congress not for the courts to address. The faithful application of the plain language of the Code, where there is no ambiguity, in addition to being the sworn duty of a judicial officer, is much more likely to motivate Congress to consider remedial legislation if it is warranted.

Should Mr. Llop wish to waive his claim for pre-petition services, the Court will re-evaluate his application in light of the changed circumstances. *Pica Systems,* at 33.

The order of March 1, 1994, approving the employment of Mr. Llop as accountant for debtor-in-possession will be vacated. Any application for compensation for Mr. Llop will be addressed in a hearing to be held pursuant to the guidelines of 11 U.S.C. § 328.

An order in accordance with this memorandum opinion will be entered.

### *ORDER*

In accordance with the memorandum opinion entered this date, it is hereby

ORDERED that the Objection of the United States Trustee to Debtor's Application for Order Authorizing the Retention of Accountant is hereby sustained; and it is hereby further

ORDERED that the Order of March 1, 1994, approving the application for employment of Mr. Llop as accountant for debtor-in-possession is hereby vacated nunc pro tunc.

SO ORDERED.