**In re FULGHAM ENTERPRISES, INC. dba Dairy Queen of Hoover, Debtor.**

**Bankruptcy No. 95–00562–BGC–11.**

United States Bankruptcy Court, N.D. Alabama, Southern Division.

April 20, 1995.

---

Patricia Y. Comer, Birmingham, AL, for debtor.

**ORDER DENYING APPLICATION FOR APPROVAL OF EMPLOYMENT OF CHARLES O. BECK, JR., CPA**

BENJAMIN COHEN, Bankruptcy Judge.

This matter is before the Court on an Application for Approval of Employment of Charles O. Beck, Jr., CPA as certified public account for the Debtor. While there were no objections to the application, the Bankruptcy Administrator requested that the Court address the issue of whether Mr. Beck is a "disinterested person" under 11 U.S.C. § 327 and whether he may be employed by the Debtor. Mr. Beck is a creditor of the Debtor in that he holds a claim for pre-petition work. In most instances this issue arises after em-

ployment and at the time an applicant requests compensation. The posture of the issue then is whether the applicant should be allowed compensation for work performed, although he or she may have in fact not been a "disinterested person" at the time employment was approved. The Bankruptcy Administrator raised the issue now to prevent the occurrence of a future problem.[1]

### Findings of Fact

The facts in this matter are uncontested. Mr. Beck performed pre-petition work for the Debtor. Mr. Beck has not been paid for that work. The applicant fully disclosed the prior work and current claim. Mr. Beck's continued assistance to the Debtor is important to the success of this case. Mr. Beck is not and was not an investment banker for security of the Debtor, was not a director, officer or employee of the Debtor nor was he an equity security holder or an insider. Mr. Beck's services will be billed to the Debtor at a rate of $40.00 per hour, considerably less than a substitute certified public accountant would charge. Because of his knowledge of this Debtor's financial makeup, the time a substitute C.P.A. would have to commit to this case would far exceed what Mr. Beck would spend if he were performing the same work.

### Conclusions of Law

Mr. Beck must be a "disinterested person" to be employed as a certified public accountant for the Debtor.[2] Section 101(14) of the Bankruptcy Code defines "disinterested person" as:

(14) "disinterested person" means person that—

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not an investment banker for any outstanding security of the debtor;

(C) has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor;

(D) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor or of an investment banker specified in subparagraph (B) or (C) of this paragraph; and

(E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment bank specified in subparagraph (B) or (C) of this paragraph, or for any other reason;

---

1. Whether a trial court should consider different factual or legal propositions where the issue arises by way of the post-employment compensation situation, is not an issue before this Court. However, the up-front denial of an application to employ because someone is not "disinterested" appears to be more clearly delineated than the denial of fees for post-petition work. After a person is employed, albeit wrongly, the emphasis seems to shift from whether the work should have been performed to, now that the work has been performed, was that work beneficial to the estate and should that work be compensated. *See, In re Prince*, 40 F.3d 356 (11th Cir.1994) where the court's opinion reads in part, "While a complete denial of fees may be extreme in some instances, this case requires nothing less." *Id.* at 361. Whether the "some instances" phrase in the court's opinion includes instances where fees are denied in situations that are totally unrelated to "disinterested person" questions, is something that cannot be determined from the circuit court's opinion. One conclusion is clear to this Court however, and that is where uncompensated pre-petition work *is disclosed* in an application to employ, it is far more equitable to deny employment than to wait and deny compensation for post-petition work because the person to be employed was not a "disinterested person" at the time of employment.

2. 11 U.S.C. § 327 redundantly requires that the person to be employed "not hold or represent *an interest adverse to the estate* ..." 11 U.S.C. § 327(a) (emphasis added), while at the same time requiring that the potential employee be a "disinterested person," which is defined in a related part of the Bankruptcy Code as a person who "does not have *an interest materially adverse to the interest of the estate*...." 11 U.S.C. § 101(14) (emphasis added). The only real issue then in matters of this sort is whether the person to be employed is a "disinterested person."

In light of the uncontested facts before the Court and because there are no facts before the Court to demonstrate that Mr. Beck's holding of a claim against the Debtor will in any way effect his performance of future work for the Debtor or will in any way directly harm other creditors, this Court finds for purposes of section 101(14) that subparagraphs (B) through (E) are satisfied.[3]

There remains then only for this Court to decide whether Mr. Beck is a creditor of the Debtor. A creditor includes an "entity that has a claim against the debtor that arose ... before the order for relief concerning the debtor." 11 U.S.C. § 101(10). A claim includes a "right to payment...." 11 U.S.C. § 101(5). Clearly Mr. Beck is a creditor and holds a pre-petition claim against the Debtor. In this circuit, these facts defeat the application for employment.[4] In a recent opinion,

---

3. There is the possibility that just by being a creditor of a debtor, a person automatically holds an interest adverse to the estate. The *Prince* opinion reads in part:
> The definition of a 'disinterested person' includes a person that "(A) is not a creditor ...' and '(E) does not have an interest materially adverse to the estate ... by reason of any direct or indirect relationship to, connection with, or interest in, the debtor ..., of for any other reason.' 11 U.S.C. § 101(14). The phrase 'interest materially adverse to the estate' is not defined by the Bankruptcy Code. Other courts, however, have defined the phrase as follows:
>> holding or representing an interest adverse to the estate as possessing, or serving as an attorney for a person possessing, either an 'economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant ... or ... a predisposition under the circumstances that render such a bias against the estate.'
>
> *Roger J. Au & Son, Inc. v. Aetna Ins. Co.*, 64 B.R. 600, 604 (N.D.Ohio 1986) (quoting *In re Roberts*, 46 B.R. [815] at 822–23 [(Bankr.D.Utah 1985)]). Sirote cannot possibly qualify as a 'disinterested person' under the facts of this case. Sirote was a creditor of the Debtor, albeit for a relatively small amount, and Sirote's representation of Mrs. Prince is undeniably an interest adverse to the Debtor's estate. Whether Sirote inadvertently or intentionally neglected to inform the court of its conflicts is of no import.

If someone who has an "interest materially adverse to the estate" is someone who possesses an "economic interest that would tend to lessen the value of the bankruptcy estate", it may be that simply by being a creditor, a person has an "economic interest that would tend to lessen the value of the bankruptcy estate" and would then have an "interest materially adverse to the estate," and could never be employed by a debtor or trustee.

4. Given similar facts, some courts would agree; some would disagree. In *United States Trustee v. Price Waterhouse*, 19 F.3d 138 (3rd Cir.1994), a debtor in possession wanted to retain an accounting firm that had performed pre-petition work and was owed almost $876,000.00 for that

work. The circuit court held that the "disinterested person" definition of section 101(14) and the creditor definition of section 101(10) when read together "unambiguously forbid a debtor in possession from retaining a prepetition creditor to assist it in execution of its title 11 duties." *Id.* at 141; In *In re Middleton Arms, Limited Partnership*, 934 F.2d 723 (6th Cir.1991), the debtor sought to hire a real estate agent that all parties agreed was an "insider" for purposes of section 101(14). The circuit court denied the approval of the application in saying:

> This Court has held that bankruptcy courts "cannot use equitable principles to disregard unambiguous statutory language." *In re C–L Cartage Co., Inc.*, 899 F.2d 1490, 1494 (6th Cir.1990). Therefore, the District Court was correct in reversing the Bankruptcy Court. The equitable powers of section 105(a) may only be used in furtherance of the goals of the Code. By forbidding employment of all interested persons, section 327 prevents individual bankruptcy courts from having to make determinations as to the best interest of the debtors in these situations. Section 105(a) cannot be used to circumvent the clear directive of section 327(a).

*Id.* at 725; In *In re Martin*, 817 F.2d 175 (1st Cir.1987), a debtor sought to retain a law firm to whom the debtor had previously pledged property as security for the firm's fee. The circuit court opined, "At first blush, this statute [11 U.S.C. § 327(a)] would seem to foreclose the employment of an attorney who is in any respect a 'creditor.' But, such a literalistic reading defies common sense and must be discarded as grossly overbroad." *Id.* at 180. The court, in allowing the bankruptcy court to decide each matter singularly based on a set of non-inclusive criteria, opined that, "The naked existence of a potential for conflict of interest does not render the appointment of counsel nugatory, but makes it voidable as the facts may warrant." *Id.* at 182. In reaching this conclusion the court did discuss congressional intent; In *In re Eastern Charter Tours, Inc.* 167 B.R. 995 (Bankr.M.D.Ga.1994), a debtor in possession sought to retain an accountant who had a pre-petition claim for prior work. The court recognized, "It is a disturbing circumstance to conclude that a creditor/professional with a claim incurred in the ordinary course of pre-bankruptcy representation of the debtor is

Judge Peter T. Fay, writing for the Court of Appeals for the Eleventh Circuit when describing the court's reasoning for denying compensation to a law firm that was a pre-petition creditor of a debtor in possession, wrote, "Sirote [the law firm of Sirote & Permutt, P.C.] *cannot possibly qualify as a 'disinterested person'* under the facts of this case. *Sirote was a creditor of the Debtor,* albeit for a relatively small amount, and Sirote's representation of Mrs. Prince [the Debtor's spouse] is undeniably an interest adverse to the debtor's case." *In re Prince,* 40 F.3d 356, 361 (11th Cir.1994) (emphasis added) (parentheticals added). Although the circuit court found that the law firm was not disinterested for two reasons, that is the firm was a creditor and the firm had an interest adverse to the estate, the statute is clear, although its parts are joined with "and" rather than "or" that the subparagraph qualifiers of (A) through (E) of section stand alone. A

creditor is not a disinterested person and consequently may not qualify for employment by a debtor.[5] Unless Mr. Beck waives his pre-petition claim he may not be employed by the Debtor.

## ORDER

Based on the above, the Court finds that the Application for Approval of Employment of Charles O. Beck, Jr., CPA, is due to be denied.

It is therefore **ORDERED** that the Application for Approval of Employment of Charles O. Beck, Jr., CPA, is **DENIED.**

precluded from representing the estate when the benefits of continuing the services might drastically outweigh any appearance of impropriety." *Id.* at 997. But in denying the application, the court remarked, "The faithful application of the plain language of the Code, where there is no ambiguity, in addition to being the sworn duty of a judicial officer, is much more likely to motivate Congress to consider remedial legislation if it is warranted." *Id.* at 998. The court did however conclude with, "Any application for compensation for ... [the accountant] will be addressed in a hearing to be held pursuant to the guidelines of 11 U.S.C. § 328." *Id.* (parenthetical added). Apparently this court also may be willing to apply a lesser stand to compensation issues involving "disinterested persons" who perform work as opposed to those who are denied employment up-front. In *In re Automend, Inc.,* 85 B.R. 173 (Bankr.N.D.Ga.1988), a debtor in possession sought to employ attorneys who were creditors of the debtor. The court, after requiring the law firm to divest itself of a security interest taken in the debtor's accounts one day before the bankruptcy filing, and after recognizing that, "a per se rule excluding attorneys who

are creditors of the debtor would be an overbroad interpretation of § 327 and § 101(13)," *id.* at 176, relied on *In re Martin* and approved the application. The court added, "The attorney's pending motion for interim compensation will be heard as previously scheduled...." *Id.* at 180. In *In re Estes,* 57 B.R. 158 (Bankr.N.D.Ala.1986), where a law firm did not disclose its pre-petition claim at the time of applying for approval of employment of a debtor in possession, the court revoked its order approving employment, ordered that the record of appearance of the law firm in the case be stricken from the record and required the debtor to file a statement that she intended to appear in the case pro se.

5. The circuit court's opinion stressed the adverse interest nature in the *Prince* case and the court's denial of compensation was clearly based on the law firm's actions that created the adverse interest. Whether the court would have ruled similarly had the only factual qualifier to section 101(14) been subparagraph (A), that the law firm was a creditor of the debtor, is not, in light of clear language of the opinion, for this Court to speculate.