**In re HOWARD SMITH, INC., Debtor.**

**Bankruptcy No. 96–20221–TS.**

United States Bankruptcy Court,
W.D. Oklahoma.

March 24, 1997.

Charles Snyder, Oklahoma City, OK, U.S. Trustee.

Doneen D. Jones, Oklahoma City, OK, for Debtor.

### ORDER APPROVING EMPLOYMENT OF ACCOUNTANT

JOHN TESELLE, Chief Judge.

On January 17, 1997, Debtor filed its **Application for Approval of Employment of Accountant** *Nunc Pro Tunc,* seeking approval for employment of Gillispie & Ogilbee ("Gillispie") as accountant for Debtor. The application reveals Gillispie provided accounting services to Debtor prior to and since the filing of Debtor's Chapter 11 petition. The United States Trustee ("UST") objected to the application, asserting Gillispie is not a "disinterested person."

### *Facts*

■ Gillispie is a small accounting firm (medium sized for Oklahoma) specializing in automobile dealership accounting. Gillispie has for some time been utilized by Debtor and has not waived its claim of $ 8,998.00 for pre-petition services. Therefore, contrary to the statement contained in the application for Gillispie's employment filed by counsel for Debtor, there is no question that Gillispie is not a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14) and 327(a).[1]

### Applicable Law

The UST's objection is founded on § 327(a) of the Bankruptcy Code. This section reads as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or

---

**1.** References herein to statutory provisions by section number only will be to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, unless the context requires otherwise.

other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

A "disinterested person", as contemplated by § 327(a), "is not a creditor, an equity security holder, or an insider." § 101(14)(A). However:

[n]otwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

§ 1107(b).

All published cases from all the courts within the Tenth Circuit which address § 1107(b) deal with lawyer applicants.[2] There are cases from other jurisdictions dealing with non-attorney applicants, a minority of which approve employment under § 1107(b).[3] On the other hand, the majority, some without considering § 1107(b), deny approval.[4] Many of the courts which deny approval appear unwilling to consider the facts of the case and mechanically adopt a *per se* approach denying employment in the apparent belief that § 1107(b) does not permit them to do otherwise.[5]

### Discussion

■ Gillispie is not a "disinterested person" and as such Gillispie does not qualify for employment under § 327(a). However, as this is a case under Chapter 11 with a debtor-in-possession, § 1107(b) is applicable and provides an exception to § 327(a). To determine whether Gillispie falls within this exception requires further analysis and consideration. Of utmost importance is whether the professional's services will benefit the estate and whether the applicant has the ability to influence the outcome of the bankruptcy in the applicant's favor.

Gillispie is not a law firm, but is a qualified certified public accounting firm specializing in automobile dealerships, is familiar with Debtor's operation, and is here performing ministerial accounting services. To require Debtor to hire another accounting firm to become familiar with Debtor's operation would place an unnecessary expense on the estate, benefiting no one other than the new firm. It is significant to the Court that the opportunity for Gillispie to benefit unfairly from its appointment is indeed small and is outweighed by the expense to the estate if Debtor is required to hire another accounting firm. Also, the only objection to the retention of Gillispie was filed by the UST who has no financial interest in the outcome of this bankruptcy. If the parties with a direct financial interest do not object to the retention of Gillispie, the Court fails to see how the integrity of the bankruptcy process is in any way placed at risk by the approval of this application.[6] Moreover, it is also noteworthy to the Court that Gillispie's interest is not materially "adverse" to the debtor's estate because the obligation owed by Debtor to Gillispie is "*de minimus*" in relation to the total debts of Debtor.[7] *Viking Ranches,* 89 B.R. at 115. Accordingly, the adoption of a

---

2. The opportunities for lawyers who are not disinterested persons to adversely affect the bankruptcy process in their favor are many times greater than for small accounting firms.

3. Among these cases are *In re Viking Ranches,* 89 B.R. 113 (Bankr.C.D.Cal.1988) (employment of accounting firm approved), and *In re Microwave Prods. of Am., Inc.* 94 B.R. 971 (Bankr.W.D.Tenn. 1989) (employment of public relations firm approved).

4. *See In re Fulgham Enters., Inc.* 181 B.R. 139 (Bankr.N.D.Ala.1995).

5. *In re Siliconix, Inc.* 135 B.R. 378 (D.N.D.Cal. 1991).

6. *But cf., In re Lee Way Holding Co.* 100 B.R. 950, 961 (Bankr.S.D.Ohio 1989) (citations omitted).

7. Here, Gillispie's claim is in the amount of $8,998.00, which is less than 0.2% of the total claims in this case of $5,369,736.10. Cases in which the accounting firm's claim was not *de minimus* include *United States Trustee v. Price Waterhouse* 19 F.3d 138 (3d Cir.1994) (Price Waterhouse held one of the twenty largest claims); and *Siliconix,* 135 B.R. 378 (the accounting firm held the eighth largest claim). In those cases, the Court's refusal to approve employment of the accounting firms might well have been justified.

*per se* disapproval rule which benefits no party in interest, when the language of § 1107(b) appears to permit a more pragmatic approach, serves no useful purpose and renders the Bankruptcy Code subject to ridicule.[8]

### Decision

For the foregoing reasons, Debtor's Application is approved.

---

**8.** *See* the NEW YORK TIMES' best-seller, PHILIP K. HOWARD, THE DEATH OF COMMON SENSE—HOW LAW IS SUFFOCATING AMERICA (1996).