## In re LACKAWANNA MEDICAL GROUP, P.C., Debtor.

### Bankruptcy No. 5–02–bk–01841.

United States Bankruptcy Court, M.D. Pennsylvania.

July 29, 2004.

Lisa M. Doran, Esq., Wilkes–Barre, PA, for Debtor.

## OPINION[1]

JOHN J. THOMAS, Chief Judge.

■ "[D]oes a bankruptcy court have the power and obligation to review fee applications which have not been the subject of an objection by a party in interest or the United States Trustee? We conclude that it does." *In re Busy Beaver*

---

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

*Building Centers, Inc.,* 19 F.3d 833, 837 (3rd Cir.1994).

With this clear mandate from the Third Circuit, and the subsequent guidance provided by the court in the *In re Busy Beaver* case, this Court, *sua sponte,* reviewed the final fee application of Doran & Nowalis in the above-captioned case and by Order dated August 8, 2003, noted that certain amounts of time in the application requested fees and costs for services rendered prior to the petition date. The Court allowed the request for all other fees and costs rendered and represented in the application from the date of the filing of the bankruptcy petition through the date of the final fee application. The Order set a hearing specifically to address the issue of whether this Court had authority to approve the payment of prepetition fees presented by way of a postpetition fee application. The Court heard oral argument on the issue and Doran & Nowalis presented a well-reasoned and detailed memorandum of law in support of its final fee application.[2] The Court noted at the commencement of the oral argument that the only issue it was addressing was the request to be awarded fees postpetition for the rendering of prepetition services. The Court did not question the reasonableness of the compensation requested or the necessity of the services rendered.[3] A short recitation of the facts and procedural history will be helpful in this case.

The instant bankruptcy was filed on May 1, 2002. The application to employ Doran & Nowalis was filed on May 10, 2002. An Order approving that employment was entered on the docket on May 21, 2002. The final fee application requests compensation for legal services rendered in the total amount of $26,987.00. Of this total amount, the Court has determined the prepetition time for work performed by Doran & Nowalis totals 13.2 hours.

By Order dated August 8, 2003, the Court allowed the request for all fees and costs rendered and represented in the application from the date of the filing of the bankruptcy petition. Oral argument was set on that portion of the fee application which represented fees and costs for services rendered prior to the petition date. The Court left the record open until the end of the day to give Doran & Nowalis time to consider whether it was going to file a supplement to the fee application which would be incorporated into this record. The docket reflects no supplement was filed.

At oral argument, and in its brief in support, Doran & Nowalis indicated it received a prepetition retainer as security for both the performance of prepetition and postpetition work. Further, it is a policy of the law firm not to draw down on a prepetition retainer placed into the firm's escrow account until after the court reviews and approves the fees in an appropriate application. As such, Doran & Nowalis indicated it was a secured creditor on the date of the filing with the firm's security interest being perfected by its possession of the retainer in its escrow

---

**2.** The United States Trustee, in attendance at the hearing through counsel, indicated that she supported the fee application in its entirety.

**3.** Counsel for the Debtor spent considerable time in their memorandum addressing whether fees paid prepetition for services rendered in the preparation of the filing of the bank-

ruptcy should be excluded from consideration as a preference. Whether prepetition fees would be subject to a preferential transfer action was never discussed at oral argument. Therefore, the preferential nature of any prepetition transfer for attorneys' fees in contemplation of a bankruptcy will not be addressed in this Opinion.

account. (See Memorandum of Law Regarding Prepetition Fees filed 8/29/2003 at 9, and Audio Transcript of 8/21/2003 at 11:06:02 am.) Counsel's position is; (1) this Court does have authority to approve postpetition, fees earned prepetition, for the work performed in contemplation of bankruptcy and the preparation and filing of the petition and (2) the firm can be disinterested even if it was owed money on the date of the bankruptcy filing for work performed in contemplation and preparation of the filing of the bankruptcy. In support, Doran & Nowalis relies primarily on several cases, namely: *In re Martin,* 817 F.2d 175 (1st Cir.1987); *In re Office Products of America,* 136 B.R. 964 (Bankr. W.D.Tex.1992); and *In re Roberts,* 46 B.R. 815 (Bankr.D.Utah 1985) *affirmed in part, modified in part and reversed in part by In re Roberts,* 75 B.R. 402 (D.Utah 1987).[4]

*DISCUSSION*

■ With all core issues, we begin our analysis by looking to the language of the pertinent Code Sections. Central to resolution of the instant issue are the following:

§ **101. Definitions**

(10) "creditor" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(14) "disinterested person" means person that—

(A) is not a creditor, an equity security holder, or an insider;

§ **327. Employment of professional persons**

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more at-torneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

§ **328. Limitation on compensation of professional persons**

(c) Except as provided in section 327(c), 327(e), or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

§ **329. Debtor's transactions with attorneys**

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agree-

---

4. The case of *In re Pillowtex Inc.,* 304 F.3d 246 (3rd Cir.2002) was discussed briefly during the colloquy with counsel concerning the logistics of a law firm being paid prepetition for services rendered prepetition. This case will be discussed later.

ment, or order the return of any such payment, to the extent excessive, to—

(1) the estate, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

## § 330. Compensation of officers

(a)(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

The Third Circuit in the case of *United States Trustee v. Price Waterhouse*, 19 F.3d 138 (3rd Cir.1994), addressed whether 11 U.S.C. § 327(a) prohibited the employment of an accountant who was owed substantial fees for prepetition services on the date of the filing of the petition. The Third Circuit wrote that both the bankruptcy court and the district court commented that if the terms of § 327(a) were read literally, the accountant would be barred as a creditor because it was per se not "disinterested". The bankruptcy court determined to take a more "practical view" considering the economic reality of the case and the overriding purposes of Chapter Eleven of the Bankruptcy Code. The Third Circuit overruled the lower court finding that under

§ 101(14) a disinterested person must be one who is not a creditor and that, further, under the definition of "creditor" as provided by the Code, the accountant was an entity with a claim against the debtor that arose before the commencement of the Chapter Eleven case. The provisions of §§ 101(10)(A) and 101(14) taken together, "... unambiguously forbid a debtor in possession from retaining a prepetition creditor to assist it in the execution of its title 11 duties." (citations omitted) *Id.* at 141. As indicated earlier, Doran & Nowalis several times acknowledged they were a secured creditor of the Debtor. It also acknowledged that it accepted a security retainer.[5] (See Memorandum of Law Regarding Prepetition Fees at 8.) With these admissions and the guidance of *Price Waterhouse*, the only conclusion this Court can make is that Doran & Nowalis was a prepetition creditor of the Debtor and, therefore, was not a disinterested professional.

While *Price Waterhouse* dealt with the retention of an accountant for the Chapter Eleven debtor in possession under § 327(a), the ruling is equally applicable to the employment of a debtor's counsel under the plain and unambiguous language of § 327(a). The *Price Waterhouse* court further indicated that neither the bankruptcy court nor the district court made attempts to reconcile their holdings with the plain language of the statutory provisions. Doran & Nowalis has made such an attempt and in their brief have cited extensively to several cases which they claim support the position that a debtor's counsel, doing prepetition work for a debtor,

---

**5.** "In the case of a security retainer, the attorney holds the retainer to secure payment of fees for future services which do not constitute a present payment but remain the property of the debtor until the attorney applies it to charges for services actually rendered. See *In re Pannebaker Custom Cabinet Corp.*,

198 B.R. 453 (Bankr.M.D.Pa.1996). 'The general rule is that, unless shown to be otherwise, a retainer constitutes funds held in trust for the benefit of the debtor, i.e., a security retainer.' *Id.* at 459." *In re Old Summit Manufacturing, LLC*, 323 B.R. 154, 162 (Bankr.M.D.Pa.2004).

should be excluded from the definition of "creditor" as found in the Bankruptcy Code. Doran & Nowalis acknowledged there is a potential issue when a debtor's counsel has unpaid fees on the date of filing "resulting in a prepetition claim of some type against the debtor." (See Memorandum of Law Regarding Prepetition Fees at 6.) The several opinions cited in support seem to place importance on whether the prepetition fees were for non-bankruptcy services as opposed to fees owed for work done in contemplation of or in furtherance of the filing of the bankruptcy case.

Doran & Nowalis begin their analysis by stating the bankruptcy court has the authority to approve postpetition fees earned prepetition for the work performed in contemplation of the bankruptcy. In support, they rely on the standards of reasonableness under § 329 and the actual and necessary standard under § 330, and the case of *In re Office Products of America*, 136 B.R. 964 (Bankr.W.D.Tx.1992). The *In re Office Products* court indicated the problem posed for the court was that two different standards of review had to be applied when approving fees both prepetition and postpetition with payment to be made from a prepetition retainer. The court focused on the "reasonable" standard of § 329 and the "actual and necessary" standard of § 330. Doran & Nowalis argue that while this Court may not be able to approve fees earned prepetition under § 330, it can nonetheless find those fees are reasonable under § 329. We agree. On the other hand, the *In re Office Products* case and the Doran & Nowalis argument fail to address the implications and impact of the *Price Waterhouse* case. Section 329(b) permits a court to review payments, or agreements to be paid made one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case. If the compensation requested exceeds the reasonable value of services, the court may cancel the agreement or order the return of any payments. This section cannot be read, however, to support postpetition approval and payment of the unpaid prepetition services. Doran & Nowalis are reading § 329 much too broadly and it is an interpretation this Court cannot support. This Court does not question any of the analysis done by the *In re Office Products* case concerning the standard of review for both prepetition and postpetition services. It notes, however, that the *In re Office Products* case never addressed the issue presented in this matter and thus gives us limited guidance in resolution of this issue.

The next issue addressed by Doran & Nowalis' Memorandum is whether the firm can be disinterested if it was owed money on the date of the filing for work done in contemplation of bankruptcy and in preparation of the filing of the bankruptcy proceeding. They answered that question in the affirmative and rely on the cases of *In re Martin*, 817 F.2d 175 (1st Cir.1987), *In re Watson*, 94 B.R. 111 (Bankr.S.D.Ohio 1988) and *In re Roberts*, 46 B.R. 815 (Bankr.D.Utah 1985) *affirmed in part, modified in part and reversed in part by In re Roberts*, 75 B.R. 402 (D.Utah 1987). These cases are cited by Doran & Nowalis to support their position that an attorney owed fees for preparation of a bankruptcy is excluded from the definition of a creditor under § 101(10)(A).

*In re Martin* dealt with the issue of whether it was permissible for debtor's counsel to take a mortgage in the debtor's real estate as security for the attorney's retainer in the bankruptcy proceeding. Doran & Nowalis rely on the following language from *In re Martin* to support their position.

We turn, then, to a fuller consideration of § 327(a). At first blush, this statute would seem to foreclose the employment of an attorney who is in any respect a "creditor." But, such a literalistic reading defies common sense and must be discarded as grossly overbroad. After all, any attorney who may be retained or appointed to render professional services to a debtor in possession becomes a creditor of the estate just as soon as any compensable time is spent on account. Thus, to interpret the law in such an inelastic way would virtually eliminate any possibility of legal assistance for a debtor in possession, except under a cash-and-carry arrangement or on a pro bono basis. It stands to reason that the statutory mosaic must, at the least, be read to exclude as a "creditor" a lawyer, not previously owed back fees or other indebtedness, who is authorized by the court to represent a debtor in connection with reorganization proceedings—notwithstanding that the lawyer will almost instantaneously become a creditor of the estate with regard to the charges endemic to current and future representation. *Accord In re Roberts,* 46 B.R. at 849; *In re Roamer Linen Supply, Inc.,* 30 B.R. 932, 935 (Bankr. S.D.N.Y.1983).

*In re Martin,* 817 F.2d at 180 (footnote omitted.)

The *In re Roberts* case discussed the situation where an attorney owed fees for past services to a client also wishes to serve as general counsel in the bankruptcy case. The specific question addressed by *In re Roberts* was whether the attorney's status as both a creditor and general counsel to the debtor in possession would create an impermissible conflict of interest such as to require the disallowance of or reduction in the legal fees.

In the opinion of this Court, a law firm serving as general counsel for a debtor in possession, which is owed on the date of filing a pre-petition debt for legal fees or costs incurred solely for services rendered in contemplation of and in connection with the bankruptcy case, does not because of this debt hold an interest adverse to the estate nor does it lack disinterestedness in violation of Section 327(a) of the Code. In this situation, these pre-petition fees and costs are recoverable as part of the fees allowed, generally, under Sections 327, 329, and 330 of the Code and Bankruptcy Rule 2014. It would be a disservice to the principles of bankruptcy policy to chill exploration of alternatives to bankruptcy by the debtor's counsel by denying its request for fees under these circumstances.

If, however, the law firm is owed by a petitioning client, on the date of filing, a pre-petition debt for legal fees for services not rendered in contemplation of or in connection with the bankruptcy case, then the law firm would be a creditor of the debtor to the extent of those fees and costs and, therefore, would run afoul of the "no adverse interest" and "disinterestedness" requirements of Section 327(a). In such a circumstance, the conflict of interest would not be eliminated if the law firm obtained from the client a pre-petition payment of these fees and costs because such a payment would likely constitute a preference that may be avoided for the benefit of other creditors, thus involving the law firm in a conflict of interest as the holder of an interest adverse to the estate in violation of Section 327(a).

*In re Roberts,* 46 B.R. at 849.

Undoubtedly, these cases lend support to Doran & Nowalis' position.

Both *In re Martin* and *In re Roberts* ignore the plain, unambiguous language of §§ 327(a), 101(10)(A), and 101(14)(A). The First Circuit in *In re Martin* writes that to give § 327(a) the literal interpretation as the language of that section reads "would virtually eliminate any possibility of legal assistance for a debtor in possession, except under a cash-and-carry arrangement or on a *pro bono* basis." *In re Martin,* 817 F.2d at 180.

■ Likewise, *In re Roberts* boldly states that a law firm which is owed, on the date of the filing of a petition, a debt for legal services or costs incurred solely for services rendered in contemplation of and in connection with the bankruptcy case does not because of that debt hold an interest adverse to the estate in violation of § 327(a) of the Code. In support of that position, the *Roberts* bankruptcy court wrote that those prepetition fees are recoverable as part of the fees allowed under §§ 327, 329, and 330 of the Code. No support for that position was provided by the *Roberts* court other than reference to the statutory provisions which, in this Courts' opinion, read as a whole, do not lend support to the *In re Roberts* court's conclusion.[6]

Finally, the *In re Watson* case, relying on *In re Roberts* and *In re Martin,* concluded that in order to

avoid such an obviously ludicrous result, most courts have concluded that performance of customary prepetition bankruptcy services, i.e., preliminary work routinely undertaken to facilitate an upcoming bankruptcy filing, does not make

the attorney a creditor under § 101(13) [now § 101(10)(A)] and will not serve to disqualify an otherwise eligible attorney from appointment under § 327(a) absent the presence of other disqualifying factors.

*In re Watson,* 94 B.R. at 114.[7]

Several courts, and the Debtor's counsel in this case, have come up with at least one viable solution to the predicament as to how a law firm may receive payment for its prepetition services and yet enter representation of a debtor in possession in a bankruptcy case and be disinterested at the same time. Doran & Nowalis assert that one approach would be to waive any prepetition fees for services in order to avoid being considered interested and a creditor under the Bankruptcy Code. A less harsh approach is one already adopted by Doran & Nowalis. "[T]he safer practice would be to bill the client for prepetition preparation on the date of filing and remove that amount of the prepetition fees from the funds held in escrow. The balance on hand would be treated as a retainer for postpetition work." (Memorandum of Law at 3.) The *In re Roberts* court provides the following in this regard.

A less drastic approach would require the law firm to obtain from its client its fees and costs in a contemporaneous exchange for its services unrelated to the bankruptcy case. This could be accomplished in a number of ways. For example, the law firm could obtain a preservice retainer to cover work unrelated to the bankruptcy case and deduct from

---

6. "[B]ankruptcy courts cannot use equitable principles to disregard unambiguous statutory language." *United States Trustee v. Price Waterhouse,* 19 F.3d at 142 *citing In re Middleton Arms, Ltd. Partnership,* 934 F.2d 723, 725 (6th Cir.1991).

7. *In re Eastern Charter Tours, Inc.,* 167 B.R. 995 (Bankr.M.D.Ga.1994) analyzed the construction of disinterestedness standards of the Code and, in particular, §§ 327(a), 101(14), and 1107(b) and categorized the *Watson, Roberts* and *Martin* cases as "caveat" positions to the majority view expressed by the *United States v. Price Waterhouse* case, *supra.*

this retainer the sums owed as they come due. This deduction could take place either as the legal work is accomplished or at the end of regular billing periods.

It is the opinion of this Court that, even without obtaining such a pre-service retainer, a law firm that bills regularly and is paid in the ordinary course of its business and the business of the debtor, would obtain its fees as part of a contemporaneous exchange.

*In re Roberts,* 46 B.R. at 850.

While the case of *In re Pillowtex, Inc.,* 304 F.3d 246 (3rd Cir.2002) dealt with the preferential nature of prepetition payments, this issue as to prepetition payments for prepetition services was broached. The Third Circuit court wrote:

> We believe that some accommodation can undoubtedly be made between the need of counsel for payment of appropriate fees and the explicit provisions of the Code. The U.S. Trustee agrees that counsel are entitled to receive fees for the bankruptcy preparation, although we reserve the issue how this can be done consistently with the provisions of the Code. The U.S. Trustee maintained before the District Court that "professionals entering bankruptcy cases protect themselves from the preference issue by obtaining a retainer, and they … draw down on the retainer during the 90 day period so as to avoid raising the issue of whether or not they received preferential payments." App. at 207. It also argues that many preference claims may be insubstantial and that bankruptcy counsel typically waive past fees due.

*Id.* at 255.

This Court by no means suggests these approaches are the only valid ways to obtain payment for prepetition services so not to render counsel a creditor and thus interested under the terms of the Bank-

ruptcy Code. The Court will indicate, however, that the approaches mentioned above in the *Roberts* and *Pillowtex* cases will most likely pass scrutiny by this Court.

■ We are now left to determine the appropriate disposition of that portion of the final fee application of Doran & Nowalis requesting fees for the prepetition work performed in contemplation of the filing of this case.

> The Third Circuit, in the *Price Waterhouse* case, interpreted 11 U.S.C. § 328(c) "to mean that if a non-'disinterested' professional person is improperly employed, or if a professional person ceases to be 'disinterested' 'at any time during such professional person's employment,' the court *may* deny compensation and reimbursement." *Id.* at 142. (emphasis added)
>
> A court's determination as to whether to deny fees to a professional who is not disinterested falls within the sound discretion of the Bankruptcy Court. *Electro–Wire Products, Inc. v. Sirote & Permutt, P.C. (In re Prince),* 40 F.3d 356 (11th Cir.1994).

*In re Old Summit Manufacturing,* 323 B.R. 154, 162 (Bankr.M.D.Pa.2004).

■ The Court will exercise its discretion and deny Doran & Nowalis' request in its final fee application for those services provided prepetition as represented in the final fee application. The Court does so because on the date of the filing of the petition, Doran & Nowalis was a creditor of the Debtor for those prepetition services and not disinterested under the terms of the Bankruptcy Code. I find this resolution strikes a proper balance between the specific requirements for employment of professionals under § 327(a) and the discretionary nature of § 328(c) which permits this Court wide latitude in its review and subsequent award or dis-

gorgement of fees. *In re Prince,* 40 F.3d 356 (11th Cir.1994).

An Order will follow.

### *ORDER*

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that the Court denies that portion of the final fee application of Doran & Nowalis which request approval for the payment of all prepetition fees presented by way of the final postpetition fee application of Doran & Nowalis.